[L.A. No. 29704. In Bank. May 6, 1970.]

JAMES E. DENHAM, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MARSH & KIDDER et al., Real Parties in Interest.

558

## COUNSEL

Robinow & Heath, Robert W. Robinow and Acret & Perrochet for Petitioner.

No appearance for Respondent.

Harris K. Lyle, Donald E. Werner and Edward L. Lascher for Real Parties in Interest.

Edward I. Pollock and Leonard Sacks as Amici Curiae on behalf of Real Parties in Interest.

## OPINION

**McCOMB, J.**—Petitioner (hereinafter referred to as "defendant Denham") moved in respondent court, under section 583 of the Code of Civil Procedure, for dismissal of an action not brought to trial within two years of the date of the filing thereof. Respondent court denied his motion, and he here seeks a writ of mandate to compel respondent court to dismiss the action for failure to diligently prosecute.

*Facts:* June 19, 1964, real parties in interest (hereinafter referred to as "plaintiffs") filed an action against defendant Denham, the Board of Supervisors of Los Angeles County (hereinafter referred to as "the board of supervisors"), and Glens Falls Insurance Co. (hereinafter referred to as "Glens Falls") to collect $21,334.63 and enforce a labor and material bond after construction by plaintiffs of a certain vivarium (animal housing and testing annex). Prior thereto, a stop notice had been delivered to the board of supervisors on behalf of plaintiffs, pursuant to section 1190.1 of the Code

of Civil Procedure. At the time the action was filed, plaintiffs were represented by the law firm of Lyle, Yudelson & Di Giuseppe, with James Di Giuseppe handling the matter.

By July 13, 1964, a copy of the summons and complaint had been served on each of the defendants. The board of supervisors filed an answer July 3, 1964, and extensions of time to appear were granted defendant Denham and Glens Falls at their request. August 31, 1964, a demurrer was filed on behalf of defendant Denham and Glens Falls, and the hearing thereon was set for September 8, 1964. The hearing was continued to September 22, 1964, at which time the demurrer was sustained and plaintiffs given 30 days in which to amend.

An amended complaint was filed October 22, 1964. October 30, 1964, it was stipulated that the answer filed by the board of supervisors July 3, 1964, to the original complaint would be deemed an answer also to the amended complaint. Defendant Denham and Glens Falls were granted an extension to plead to November 16, 1964, and they thereafter filed a demurrer to the first amended complaint. The demurrer was overruled November 30, 1964.

The attorneys for defendant Denham and Glens Falls contacted James Di Giuseppe, plaintiffs' attorney, to ascertain whether they should answer all three causes of action stated in the complaint, and a further continuance was agreed upon. James Di Giuseppe subsequently wrote the attorneys twice, requesting that an answer be filed. Thereafter, the attorneys asked for additional time because of a past illness. Finally, February 10, 1965, after James Di Giuseppe had again contacted the attorneys, an answer, as well as a cross-complaint seeking damages of $20,000, was filed on behalf of defendant Denham and Glens Falls. Plaintiffs filed an answer to the cross-complaint March 16, 1965, at which time a demand was made for a bill of particulars. Defendant Denham and Glens Falls answered the demand May 5, 1965, and made a similar demand on plaintiffs. Plaintiffs, after notice by defendant Denham given August 27, 1965, that if the bill of particulars was not furnished within 15 days, he would move for an order imposing sanctions, filed a bill of particulars September 10, 1965.

In the meantime, April 30, 1965, the law firm of Lyle, Yudelson & Di Giuseppe, representing plaintiffs, was dissolved. At that time, Mr. Yudelson, who had had the primary responsibility of preparing briefs and pleadings, left the firm to become a sole practitioner. Beginning May 1, 1965, the firm was known as Lyle & Di Giuseppe and consisted of Harris K. Lyle, James Di Giuseppe, and Joseph Di Giuseppe. The responsibilities formerly handled by Mr. Yudelson were assumed by Joseph Di Giuseppe.

In July 1965, the attorneys for defendant Denham and Glens Falls filed

a motion for an order exonerating the stop notice release bond and releasing the security for said bond. Between July 7, 1965, and August 18, 1965, various points and authorities were filed by both sides, and August 23, 1965, the motion was granted.

On the first court date of 1966, Joseph Di Giuseppe was sworn in as a Commissioner of the Municipal Court of the Los Angeles Judicial District and thereafter had no further connection with the firm of attorneys representing plaintiffs. As a result, James Di Giuseppe was required to assume a tremendously increased work load, due to the fact that Harris K. Lyle was approximately 72 years of age, and certain physical deformities from which he had been suffering for a number of years were becoming more pronounced, thereby preventing him from handling any of the additional responsibilities resulting from the departure of Joseph Di Giuseppe.

Between August 1965 and July 1966, James Di Giuseppe had several conversations with defendants' attorneys, in which the possibility of settlement was mentioned. July 13, 1966, it appearing that a settlement would not be reached, James Di Giuseppe sent said attorneys a certificate of readiness for execution by them. They reported, however, that defendant Denham was out of town, that he would not be back for several weeks, and that they could not execute the certificate without his authorization. They also stated that they thought additional discovery by way of depositions and interrogatories would be required.

Subsequently, defendants' attorneys notified James Di Giuseppe that they wished to take the depositions of plaintiffs, and arrangements were made for the depositions to be taken September 9, 1966. At that time, however, James Di Giuseppe was engaged in a trial and requested a continuance to October 25, 1966. The depositions were then taken on the rescheduled date.

December 22, 1966, James Di Giuseppe was sworn in as a Judge of the Municipal Court of the Los Angeles Judicial District. Prior thereto, Mr. Lyle had had nothing to do with the present case and was completely unfamiliar with its background or status. At the time of James Di Giuseppe's judicial appointment, due to the large volume of business then pending in the office, it was apparently physically impossible for Mr. Lyle to give immediate attention to this case and many others then pending.

At the time he was appointed to the bench, James Di Giuseppe was in the middle of the trial of a cause entitled, "Dorothy Rickless, Plaintiff, v. Hubert A. Temple, et al., Defendants." numbered 786 250 on the records of the Superior Court of Los Angeles County. Mr. Lyle was required to obtain a continuance of the trial and devote practically all of his time to familiarizing himself with the pleadings, the testimony already taken (approximately 800 pages), the depositions, and the prospective evidence to be

given in the defense. As a result, it was late in February 1967 before he became aware that the present case was in his office. At that time, he inquired about the status of the memorandum to set and was orally informed by Judge Di Giuseppe and his then secretary that a proper memorandum to set had been filed.

In October 1967, Mr. Lyle had occasion to review the file personally and saw that it did not contain a copy of a memorandum to set. Realizing that Judge Di Giuseppe and his then secretary had been mistaken when they told him a memorandum to set had been filed, he immediately prepared one on behalf of plaintiffs. Earlier that month, a substitution of attorneys had been filed substituting Harry K. Lyle and Donald E. Werner as attorneys for plaintiffs. Interrogatories were propounded to defendant Denham, and his answer was filed November 20, 1967. The at-issue memorandum and certificate of readiness was then filed by plaintiffs November 28, 1967.

One year later, November 29, 1968, respondent court set a pretrial hearing for February 13, 1969. At that time, it was stipulated that the action be dismissed as to the board of supervisors, and a trial date was set for April 21, 1969, in department 1.

Around the middle of March 1969, counsel arranged for the deposition of defendant Denham to be taken April 10, 1969. April 8, 1969, defendant Denham gave notice that April 18, 1969, he would move to dismiss the action for failure to prosecute with reasonable diligence, since it had not been brought to trial more than two years after it was filed (Code Civ. Proc., § 583). April 10, 1969, Donald E. Werner filed a declaration in opposition to the motion to dismiss, with points and authorities. In the declaration, Mr. Werner merely indicated that pretrial had been held in February 1969, that a trial date of April 21, 1969, had been assigned to the case, that a deposition of plaintiff had been taken and depositions of defendant and a witness were then set, and that plaintiff was ready to proceed to trial April 21, 1969.[1]

Since April 18, 1969, was a Friday, and it was the policy of respondent

---

[1]The declaration reads: "DONALD E. WERNER, being first duly sworn, deposes and says:

"That I am an attorney at law licensed to practice before all Courts of the State of California, and am one of the attorneys of record for the plaintiff in the above-entitled action.

"That a pretrial in this case was held in February, 1969, and a trial date of April 21, 1969, assigned to the case. That a deposition of the plaintiff was taken and depositions of the defendant and a witness are now set.

"That the plaintiff is ready to proceed to trial on April 21, 1969.

"I declare under penalty of perjury that the foregoing is true and correct.

"Executed this 9th day of April, 1969, at Van Nuys, Calif.

(Signed)   Donald E. Werner
                     DONALD E. WERNER"

court not to hear such motions on a Friday, the matter was reset to be heard April 21, 1969, which was the date set for the trial. At that time, counsel for the parties appeared in department 63, where defendant Denham's motion was heard by Commissioner Nichols acting as a temporary judge (see Cal. Const., art. VI, § 21; *People* v. *Tijerina* (1969) 1 Cal.3d 41, 48-49 [81 Cal.Rptr. 264, 459 P.2d 680]). No reporter was present, and there is therefore no record of the proceedings. However, in his declarations and points and authorities in opposition to defendant Denham's petition for writ of mandate, Mr. Werner represents that a discussion was had regarding the delay and that he informed the commissioner generally that there had been the various changes in attorneys and in the law firm representing plaintiffs, that there had been some correspondence between the parties, and that he had to a certain extent relied on court procedure in getting the matter set for trial. The commissioner denied the motion to dismiss, and the case was sent to department 1 (the master calendar court) to be assigned for trial.

When the case was called in department 1, counsel for both sides announced readiness for trial. However, no court being available April 21, 1969, to hear the case, it was trailed to April 22, 1969. It was finally assigned out April 23, 1969, at which time counsel for both sides again announced in department 1 that they were ready for trial. In department 21, however, to which the case was assigned, defendant Denham's attorney moved for continuance to prepare a petition for writ of mandate, and his motion was granted. This proceeding resulted.

■ Question: *Did the trial court abuse its discretion in denying the motion to dismiss plaintiffs' amended complaint?*

*No.* ■ Under section 583, subdivision (a), of the Code of Civil Procedure, the trial court, in its discretion, may dismiss an action for want of prosecution if it is not brought to trial within two years after it was filed. The statute places no restrictions on the exercise of the trial court's discretion, and in particular there is no requirement that the motion to dismiss "must" be granted unless opposed by an adequate showing of diligence or excuse for delay. (Language to the contrary in *Breckenridge* v. *Mason,* 256 Cal.App.2d 121, 127 [4] [64 Cal.Rptr. 201]; *Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501, 507 [6b] [71 Cal.Rptr. 344]; *City of Los Angeles* v. *Superior Court,* 271 Cal.App.2d 292, 298 [76 Cal.Rptr. 256]; *Market-Front Co.* v. *Superior Court,* 271 Cal.App.2d 505, 506 [1a]-507 [1b] [76 Cal.Rptr. 526]; *Paul W. Speer, Inc.* v. *Superior Court,* 272 Cal.App.2d 32, 36, 37 [5] [77 Cal.Rptr. 152]; and *Carnation Co.* v. *Superior Court,* 1 Cal.App.3d 891, 895 [2] [82 Cal.Rptr. 98], is disapproved.)[2]

---

[2]Under an amendment to section 583, subdivision (a), of the Code of Civil Procedure, effective January 1, 1970, the Judicial Council is authorized to adopt rules prescribing the procedure for obtaining such a dismissal. Rule 203.5 of the California

The exercise of the trial court's discretion will be disturbed only for clear abuse (*Weeks* v. *Roberts,* 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361]); and if there is any basis upon which its action can be sustained, and it appears that no injustice will result therefrom, a refusal to dismiss should be upheld (cf. *Bried* v. *Superior Court,* 11 Cal.2d 351, 355 [79 P.2d 1091]). As stated by this court in *Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851 [271 P.2d 18], "The discretion is that of the trial court and it will be disturbed only in cases of manifest abuse." Furthermore, in *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 68 [8] [168 P.2d 665], this court said: "As declared for this court by Mr. Justice Shenk in *Charles L. Donohoe Co.* v. *Superior Court* (1927) 202 Cal. 15, 18 . . . 'It is only when there is an entire absence of any showing constituting good cause presented in the Superior Court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue.'" (See also *Paul W. Speer, Inc.* v. *Superior Court, supra,* 272 Cal. App.2d 32, 36 [2, 3].) In the present case, as will hereinafter appear, there was not "an entire absence of any showing constituting good cause presented in [respondent court] upon the hearing of the motion to dismiss." Accordingly, the petition for writ of mandate should be denied.

The affidavit filed by plaintiffs' attorney did not set forth any facts showing an excuse for the delay in bringing plaintiffs' action to trial; and the record in respondent court does not reflect what showing was made orally at the hearing on the motion to dismiss, the proceedings at the hearing not having been recorded. However, it is settled that: "A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." (3 Witkin, Cal.Procedure (1954) Appeal, § 79, pp. 2238-2239; *Minardi* v. *Collopy,* 49 Cal.2d 348, 353 [7] [316 P.2d 952]; *Coleman* v. *Farwell,* 206 Cal. 740, 742 [2] [276 P. 335].)

Thus, it will be presumed that, as alleged in the declarations and points and authorities in opposition to defendant Denham's petition for writ of mandate, plaintiffs' present attorney informed the commissioner conducting the hearing that there had been the various changes in attorneys and in the law firm representing plaintiffs. In addition, it will be presumed that the commissioner took judicial notice under section 452, subdivision (g), of

---

Rules of Court, effective January 1, 1970, enacted under the authority thus given to the Judicial Council, sets forth the factors which must now be considered on a motion for such a dismissal.

the Evidence Code[3] of such changes, particularly inasmuch as two of them resulted from the appointment of a member of the firm as commissioner or judge of the Los Angeles Municipal Court. As pointed out by Mr. Witkin in his work on Evidence, "Sometimes 'common knowledge' is merely that of the particular professional group which administers the judicial processes, i.e., the bench and bar." (Witkin, Cal. Evidence (2d ed. 1966) Judicial Notice, § 175, subd. (6), p. 162; cf. *People* v. *Adamson,* 34 Cal.2d 320, 333 [16] [210 P.2d 13]; *Estate of Loud,* 70 Cal.App.2d 399, 403 [161 P.2d 49].)

Innumerable pleadings were filed by the parties to the action, as reflected by the voluminous court file. It has been held with respect to the five-year mandatory period that such fact, in itself, does not constitute sufficient excuse for the delay. (*Hayutin* v. *Rudnick,* 158 Cal.App.2d 593, 595 [1] [322 P.2d 1023].) The present case, however, involves the two-year discretionary period, and the fact that innumerable pleadings were filed is a factor which, together with the frequent changes in plaintiffs' attorneys' law firm and the resultant pressure on the attorneys remaining in the office, may be considered in determining whether plaintiffs have shown that the delay was excusable.

It will be observed that although plaintiffs' certificate of readiness was filed November 28, 1967, it was not until November 29, 1968, that respondent court assigned a pretrial hearing date. The pretrial hearing was set for February 13, 1969, at which time the case was set for trial April 21, 1969, well within the mandatory five-year period.[4] Defendant Denham suggests that because plaintiffs did not take any steps, after filing their certificate of readiness, to obtain an accelerated trial date, they have shown no excuse for the year's delay in obtaining a trial date. Respondent court, however, must be deemed to have knowledge of the condition of its

---

[3]Section 452 of the Evidence Code provides, in part: "Judicial notice may be taken of the following matters to the extent that they are not embraced within Section 451:

". . . . . . . . . . . .

"(g) Facts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute."

[4]As noted above, although defendant had agreed to the trial date of April 21, he gave notice on April 8 that he would move to dismiss the action on April 18, and because of the intervening weekend the motion was not actually heard until the day set for trial. We observe that when a defendant proposes to move for dismissal for want of prosecution, he should himself use reasonable diligence to file his motion and bring it to hearing sufficiently in advance of the trial date to avoid inconveniencing the court, the parties, and the witnesses. A failure to do so, moreover, may be taken into consideration by the court in ruling on the motion.

own calendar. (Evid. Code, § 452; see *Stuart* v. *Hollywood Turf Club,* 146 Cal.App.2d 261, 263 [303 P.2d 897].) According to reports filed by respondent court with the Judicial Council, of which reports this court may take judicial notice (see *Whittaker* v. *Superior Court,* 68 Cal.2d 357, 362, fn. 4 [66 Cal.Rptr. 710, 438 P.2d 358]), in October 1967 there were pending in the central branch of respondent court over 7,500 civil cases which were at issue and in which certificates of readiness were filed. Of these, approximately 3,900 has been set for future contested trial. In December 1968, there were 17,296 civil cases which were at issue and in which certificates of readiness had been filed, and only 1,700 of them had been set for future contested trial. By November 1969, the backlog of civil cases awaiting trial setting had mounted to more than 18,000. Under the circumstances, it would have been useless for plaintiffs to attempt to obtain an accelerated trial date.

■ As indicated above, a reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice. Thus, in *Loomis* v. *Loomis,* 181 Cal.App.2d 345, 348-349 [4-6] [5 Cal.Rptr. 550], it was said: "It is fairly deducible from the cases that one of the essential attributes of abuse of discretion is that it must clearly appear to effect injustice. [Citations.] Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." (See also *City of Los Angeles* v. *Superior Court,* 271 Cal.App.2d 292, 294 [1] [76 Cal.Rptr. 256]; *Ordway* v. *Arata,* 150 Cal.App.2d 71, 78 [309 P.2d 919]; *Estate of Hart,* 119 Cal.App.2d 310, 318 [12] [259 P.2d 703].)

■ In the present case, the result of respondent court's denying the motion to dismiss will be to have a trial on the merits of an action which both parties announced they were ready to try. ■ Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds. (*Daley* v. *County of Butte,* 227 Cal.App.2d 380, 390 [7] [38 Cal.Rptr. 693].)

The alternative writ of mandamus is discharged, and the petition for a peremptory writ is denied.

Mosk, Acting C. J., Peters, J., Tobriner, J., Burke, J., Sullivan, J., and Files, J.,* concurred.

On May 27, 1970, the opinion was modified to read as printed above.

*Assigned by the Acting Chairman of the Judicial Council.