[Civ. No. 12677. Third Dist. Oct. 16, 1970.]

DUNSMUIR MASONIC TEMPLE, Petitioner, v.
THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent;
MELBA MILLER, Real Party in Interest.

## COUNSEL

Barrett, Good & Newland and John R. Minoletti for Petitioner.

No appearance for Respondent.

W. M. Heidewald, David E. Otis and Nicolaus Holt for Real Party in Interest.

## OPINION

PIERCE, P. J.—A petition for writ of mandate was filed in this court following denial by the superior court of petitioner's motion to dismiss a personal injury action for failure to prosecute within two years.

Petitioner's sole contention herein is that the trial court abused its discretion in failing to grant the motion to dismiss.

The injury complained of occurred on February 16, 1966. On February 16, 1967, a complaint was filed on behalf of the real party in interest, Melba Miller, against defendant, Dunsmuir Masonic Temple. Summons was served three days short of three years later. On March 6, 1970, a motion to dismiss for failure to prosecute was filed in superior court. Only thereafter was petitioner served with notice of taking depositions. The motion to dismiss was heard on April 27; that same day Melba Miller filed her opposition.[1] This constituted no more than an explanation of her

---

[1]The declaration in opposition reads, in pertinent part as follows:

"MELBA MILLER declares:

"That at the time of her original accident and injury, she suffered severe pain and injury in the general area of her third lumbar vertebre, that at that time she weighed approximately 170 pounds, and that for a period of at least four (4) months thereafter she was compelled to remain flat on her back on boards, without moving;

"That she has never recovered fully, that her improvement after the first four months was painfully slow, and that she was in effect in bed, and a bed patient, for approximately two (2) years;

"That ultimately she was fitted with a body brace and support, and with crutches

injuries and physical incapacity after the accident. The declaration filed by defendant's attorney stated that no action had been taken to prosecute the case.

On May 1, the superior court denied the motion to dismiss, but acknowledged that the ruling was on shaky grounds, and indicated that its real purpose in denying the motion was a preference to try causes on their merits.[2]

Code of Civil Procedure section 583, subdivision (a), states that the "court, *in its discretion,* may dismiss an action for want of prosecution . . . if it is not brought to trial within two years after it was filed." (Italics ours.)

■ Until recently some appellate courts had deemed that the *burden* of making an *adequate* showing of excusable delay was on the plaintiff. A trial court was held to abuse its discretion in denying a motion to dismiss under the section where the plaintiff had failed to sustain that burden. (See, e.g., *Paul W. Speer, Inc.* v. *Superior Court* (1969) 272 Cal.App.2d 32, 36 [77 Cal.Rptr. 152] (hg. den.).)

---

which permitted her to move about the house, but the degree of incapacity and weakness was so great that in or about the last week of December, 1968, and while attempting to move and make up her bed, she then sustained a relapse or a reinjury to the same body area, ligaments, and muscles originally injured; that her pain at this time was so intense and excruciating that she could not be moved, and that she thereafter was again compelled to remain absolutely motionless in bed for in excess of one or two months at the advice of her Doctor;

"That when degree of recovery again permitted her to move about enough to get out of bed and leave the house, she was taken again to be examined by Dr. Eugene Padel in Redding on April 17, 1969;

"That at that time she could walk only with great difficulty, and was informed by Dr. Padel that her condition was inoperable, that further substantial recovery was improbable, and her condition basically permanent and susceptible to reinjury;

"That during the foregoing period of injury and reinjury, her weight increased substantially due to prolonged months in bed, and that at this date she is still some ten to fifteen pounds over her former level, and that only in the last one or two months has her ability to move and walk, increased to a point where she could so move without unusual pain or danger of further aggravation or injury to her back, and that this in turn has been a major consideration and problem to Affiant who as a result of aforesaid injuries has sustained in excess of Two Thousand Dollars ($2,000.00) of unreimbursed expense, and who continues to live in fear of further expensive reinjury to the same area of her back."

[2]At the conclusion of his opinion, the trial judge made the caustic comment: ". . . I can take notice of the 'diligence (?!!) of the parties in pursuing discovery or other pretrial proceedings.'

"I think counsel have to be alerted sooner or later that they no longer have a prescriptive right to drag their feet. I doubt very much if in any subsequent motions the Court will dig around, as it has in this case, attempting to find a few nuggets of endeavor among tons of overburden of apathy."

In *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193] (followed by *Martindale* v. *Superior Court* (1970) 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199], which adopts the *Denham* rule) a marked departure from the previously asserted rule occurred. Our Supreme Court in *Denham* held (on pp. 563-564) that the trial court exercised a broad discretion in determining whether or not showing of diligence or excuse for delay had been made and disapproved (on p. 563) language in a number of appellate cases (including *Speer, supra,* in which a burden had been placed upon plaintiff to make an "adequate showing").[3] The Supreme Court stated, " '. . . "It is only when there is an entire absence of *any showing constituting goood cause* presented in the Superior Court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue." ' " (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 564.) (Italics ours.)

The distinction appears to be the difference between an *adequate* showing and *any* showing. Although *Denham* removes from the plaintiff any *burden* to show good cause for delay, it does not remove plaintiff's obligation to make *some showing of good cause* before the court, upon which the court may exercise its discretion. We construe that to mean that the trial court may not act arbitrarily and deny the motion when plaintiff has made no relevant showing whatever. There must be *something* upon which a discretion can rest.

The fact alone that a plaintiff is bedridden cannot constitute "good cause" which will prevent application of the two-year discretionary dismissal for failure to prosecute. Although illness of a party has, on occasion, been held sufficient to prevent the two-year dismissal, such illness has been in conjunction with other factors, e.g., an inability of plaintiff by illness to communicate to his attorney his wishes as to the further prosecution of an action against a possibly insolvent defendant, theretofore plaintiff's good friend. (See *Ordway* v. *Arata* (1957) 150 Cal.App.2d 71, 79 [309 P.2d 919].) Here, plaintiff Miller was represented at all times by an attorney. No handicap to communication between attorney and client is even hinted, nor any other extenuating circumstances shown justifying dormancy of the action. Since the plaintiff was represented, she cannot now argue that her incapacity alone constituted "good cause" preventing the

---

[3]Cases disapproved by the Supreme Court in *Denham* v. *Superior Court, supra,* 2 Cal.3d 557 at p. 563, in that respect are: *Breckenridge* v. *Mason,* 256 Cal.App.2d 121, 127 [64 Cal.Rptr. 201]; *Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501, 507 [71 Cal.Rptr. 344]; *City of Los Angeles* v. *Superior Court,* 271 Cal.App.2d 292, 298 [76 Cal.Rptr. 256]; *Market-Front Co.* v. *Superior Court,* 271 Cal.App.2d 505, 506-507 [76 Cal.Rptr. 526]; *Paul W. Speer, Inc.* v. *Superior Court,* 272 Cal.App.2d 32, 36, 37 [77 Cal.Rptr. 152], and *Carnation Co.* v. *Superior Court,* 1 Cal.App.3d 891, 895 [82 Cal.Rptr. 98].

application of section 583. "A litigant may appear in his own person or by attorney but cannot do both. A duly employed attorney of record has exclusive charge of the proceedings on behalf of his client." (*Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 391 [38 Cal.Rptr. 693].)

The avenues of discovery and of other means to take and preserve the testimony of persons unable to appear personally in court had at all times been open to plaintiff. We do not consider it to be "good cause" or any cause merely to allow an action to lie fallow indefinitely to await a time when a bedridden party will become mobile. Also plaintiff's declaration inferably shows that in December 1968—more than a year before the motion to dismiss had been made—plaintiff had been advised that her condition had become static, yet nothing was done thereafter to prosecute her action. The fact that notices to take depositions were filed *after* the motion was brought shows nothing except an effort to build up a belated defense to the motion.

The *Denham* case presents a far different situation from that in the case at bench. There, plaintiff's law firm had undergone repeated changes in personnel; one lawyer was appointed to the municipal court bench and another court commissioner.

The proposition that justice is generally better served when cases are heard on their merits is tritely true. But there are also instances where justice will be better served by dismissal, and this is such a situation. The action has remained in a status of unexplained stagnancy for more than three years. Dismissal will result in the removal of a case from an overcrowded list of pending cases. If it has no merit dismissal will do no harm and will serve as a warning that the processes of the law must not be abused by allowing the courts to become warehouses for frivolous lawsuits. If, on the contrary, the action is meritorious, plaintiff will still be left with an appropriate remedy against her attorney. (See *Daley* v. *County of Butte, supra,* 227 Cal.App.2d at page 391.)

Criticism has been leveled at our judicial system because of delays. Some of that criticism is justified. Courts are clogged. ▮ The purpose of Code of Civil Procedure section 583 is dual: one is effectually the same as that of statutes of limitation—they are both statutes of repose, seeking to discourage stale claims "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." (*Telegraphers* v. *Railway Express Agency* (1944) 321 U.S. 342, 348-349 [88 L.Ed. 788, 792-793, 64 S.Ct. 582]; *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].) Secondly, the dismissal section is designed to compel reasonable diligence

in the prosecution of actions, thereby expediting the administration of justice. (*Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501, 505-506 [71 Cal.Rptr. 344]; *Sprajc* v. *Scandinavian Airlines System, Inc.* (1966) 240 Cal.App.2d 935, 938 [50 Cal.Rptr. 181].)

And, we note also prejudice to defendant is *inherent* when actions are dilatorily prosecuted. (*Daley* v. *County of Butte, supra,* 227 Cal.App.2d at p. 389.) The statute protects "defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." (*General Motors Corp.* v. *Superior Court, supra,* 65 Cal.2d 88, 91.)

█ The limits of a broad discretion are exceeded when, as here, *no* showing of good cause has been made in opposition to the motion to dismiss.

Accordingly, let the writ issue as prayed.

Friedman, J., and Janes, J., concurred.