[Civ. No. 63156. Second Dist., Div. One. Apr. 23, 1982.]

SYLVIA J. TANNATT, Plaintiff and Appellant, v.
JOSEPH JOBLIN et al., Defendants and Respondents.

COUNSEL

Helen Dorroh James for Plaintiff and Appellant.

Kurtzman & Sarfaty and Joseph Sarfaty for Defendants and Respondents.

OPINION

## DALSIMER, J.—

### INTRODUCTION

Appellant Sylvia J. Tannatt (plaintiff) appeals from an order of dismissal of her complaint as to respondents Joseph Joblin, Esq. (Joblin), Associated Bond and Insurance Agency (Associated), and National Automobile and Casualty Insurance Company (National), pursuant to Code of Civil Procedure section 583, subdivision (a).[1]

---

[1] All statutory references are to the Code of Civil Procedure.

## FACTS

On April 12, 1977, plaintiff filed her "Complaint for Money," naming 10 specific defendants and 10 fictitiously designated defendants.

The thrust of the complaint is that the first named defendant, Harry Oringer (Oringer), with the direct and indirect assistance of the other nine named defendants, wrongfully obtained and received for his own use $30,000 which plaintiff had posted as collateral for a bail bond.

The first named defendant, Oringer, was served with a copy of the complaint, and answered on May 18, 1977. On January 11, 1979, plaintiff obtained a summary judgment against defendant Oringer in the amount prayed for plus interest, but plaintiff was unable to successfully execute or otherwise collect.

On various dates in March 1980 the remaining nine defendants were served with a copy of the complaint.

On April 17, 1980, defendants Joblin, Associated, and National each filed an answer to the complaint.

On September 2, 1980, defendants Joblin, Associated, and National served and filed their motions to dismiss pursuant to sections 581a and 583, subdivision (a).

On December 10, 1980, the trial court granted defendants' motions to dismiss as requested.

On December 19, 1980, plaintiff filed a motion for vacation of the dismissal and a motion for relief under section 473.

On January 28, 1981, the trial court modified its prior order of dismissal by vacating its order of dismissal under section 581a and affirmed its prior order of dismissal under section 583, subdivision (a). The section 473 motion was denied.

## ISSUE

The determinative issue on appeal is whether the trial court abused its discretion or otherwise erred in ordering a dismissal of plaintiff's

complaint pursuant to section 583, subdivision (a), and in denying relief under section 473.

## Discussion

█ We hold that under all of the circumstances of this case the trial judge abused his discretion in dismissing the action. Plaintiff diligently prosecuted her action to judgment against Harry Oringer, the one defendant who, in plaintiff's view, was primarily liable in that Oringer was the initial wrongdoer. The other defendants were believed by counsel to be only secondarily liable because of their conduct in permitting defendant Oringer to obtain the funds involved. Having obtained the judgment, plaintiff diligently sought execution thereon until February 1980, when she determined that there was no reasonable prospect of collection. She thereafter served the remaining defendants.

The trial court ignored two pertinent facts. First, plaintiff's forbearance from prosecuting the other defendants was neither capricious nor unreasonable. It was based, rather, on a careful analysis of the relative liability of defendants and the mistaken belief of plaintiff's counsel that the two-year period of section 583, subdivision (a), didn't begin to run against a particular defendant until service of the summons and complaint on that party. Second, the law concerning discretionary dismissals under section 583 favors a trial on the merits. The Legislature amended section 583 in 1969 to provide that the procedure for obtaining a discretionary dismissal under that section[2] shall be in accordance with rules adopted by the Judicial Council. This amendment became effective on January 1, 1970. Simultaneously, rule 203.5 of California Rules of Court (rule 203.5), which was adopted by the Judicial Council to implement this amendment, also became effective.

The court in *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543 [133 Cal.Rptr. 212] meticulously reviewed the case law and construed rule 203.5(e).[3] The court held that the factors set forth

---

[2] Section 583, subdivision (a), provides: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."

[3] Rule 203.5(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions;

in that rule *must* be considered by the trial court in determining whether to exercise its discretion to dismiss. (*Id.*, at p. 555.) A review of the reporter's transcript of the hearing on plaintiff's motion to reconsider does not divulge that the trial court gave consideration to rule 203.5. Rather, the court seemed only concerned with whether plaintiff had established due diligence. The court inquired of plaintiff's counsel, "And I suppose then the real question is: When you have to establish due diligence, does it have to be established against all defendants, or if you are being duly diligent against one defendant, can you ignore the others until you get around to it, for whatever your strategic reasons may be?" After further colloquy between court and counsel, the following exchange took place: "THE COURT: Well, as I understand your reason, your reason was solely because of the fact that you felt you could get something faster against one than against four, so you left the other three sitting out there while you pursued one. [¶] MS. JAMES: Sure, because if I collected from the one, I don't have to bother with the others. I don't have to subject them to the burdens of litigation. [¶] THE COURT: Well, I don't see it that way, counsel. [¶] I am going to modify my prior ruling insofar as granting the motion only as to CCP 581(a) and not on the other ground."

It thus appears that the trial judge believed that he was required to grant the motion if plaintiff did not "establish due diligence." In the leading case of *Denham v. Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193] the trial court had denied a motion to dismiss under section 583, subdivision (a), four years and ten months after the filing of the complaint. The Supreme Court said, "Under section 583, subdivision (a), of the Code of Civil Procedure, the trial court, in its discretion, may dismiss an action for want of prosecution if it is not brought to trial within two years after it was filed. The statute places no restrictions on the exercise of the trial court's discretion, and in particular *there is no requirement that the motion to dismiss 'must' be granted unless opposed by an adequate showing of diligence* or excuse for delay. [Citations.]' (*Id.*, at p. 563, fn. omitted, italics supplied.) The Supreme Court took note of the fact that the affidavit of plaintiff's at-

the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue."

torney did not set forth *any* facts showing an excuse for the delay and there was no transcript of the hearing. The court presumed the order of the trial court to be correct and made the famous statement often relied upon by appellate courts (including the dissent herein) in sustaining trial court orders. "The exercise of the trial court's discretion will be disturbed only for clear abuse [citation]; and if there is any basis upon which its action can be sustained, and it appears that no injustice will result therefrom, a *refusal to dismiss* should be upheld [citation]." (*Id.,* at p. 564, italics supplied.)

As was pointed out by the court in *City of Los Angeles* v. *Gleneagle Dev. Co., supra,* 62 Cal.App.3d 543, 556-557, the Supreme Court made that statement in *Denham* in the context of a denial of a dismissal motion. The *Denham* court went on to say, "Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds. [Citation.]"" (*Denham* v. *Superior Court, supra,* 2 Cal.3d 557, 566.)

Although plaintiff has the burden of proving an abuse of discretion, she has accomplished that by showing a lack of careful consideration of rule 203.5. We do not intend to imply that the trial court was required expressly to state the complete reasons for its holding or even that it had considered each of the factors listed in rule 203.5, nor are we imposing any such requirements by our holding. We have concluded that the trial judge in this case failed to give adequate consideration to those factors based upon our review of the record on appeal and the nature of the discussion contained in the reporter's transcript of the motion for reconsideration.

Consideration of rule 203.5 would have shown that, at least impliedly, the reason advanced by plaintiff was good. Rule 203.5(e) includes a consideration by the court of "the law applicable to the case, including the pendency of other litigation under a common set of facts . . . ." Under the facts pleaded in plaintiff's complaint, she could have brought one lawsuit against Oringer and another against the other defendants, making the consideration quoted specifically applicable. The principle, nevertheless, is the same; she should not be penalized for bringing one action rather than two.

The trial court should also have considered the court's trial calendar and the chance of having had a case three years and five months old set for jury trial in a court where such cases are routinely taking five years to come to trial. (Answering defendants Vic Nardoni Bail Bonds, Dan Nardoni, Kitty Mastro, Irving Glasser, and Glasser Brothers, none of whom are parties to this appeal, demanded a trial by jury on April 11, 1980.)[4] Additionally, the court failed to consider ". . . whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial . . . ." (Cal. Rules of Court, rule 203.5(e).)

In this case defendants have made no claim of actual prejudice, relying instead on a "presumption of prejudice." Likewise, the trial court made no finding of prejudice. Defendants have not claimed surprise, lost witnesses, or dimming of memories. Our dissenting brother has set forth matter derived by him from the superior court file which he believes might constitute undue prejudice to defendants. This includes the fact that one witness of many has died and certain untried exculpatory allegations contained in defendants' answer. We respectfully suggest that it is not for this court to seek to establish a prejudice neither found nor even alleged below, nor should we speculate concerning the ultimate resolution of allegations made in pleadings.

Most importantly, defendants have not even claimed that plaintiff's action is unmeritorious. As the court said in *City of Los Angeles* v. *Gleneagle Dev. Co., supra*, 62 Cal.App.3d 543, 563, "It is harsh to cut off a plaintiff's remedy to an apparently meritorious cause of action based merely on a presumption of prejudice to defendants, without more. The penalty of dismissal against a dilatory plaintiff should be exercised with the utmost care; and where it appears that the plaintiff has a good cause of action, that plaintiff has made some showing of excuse for delay; and where defendant does not claim actual prejudice and has waited until the last possible moment to file a motion to dismiss, the ends of substantial justice are best met by a preference for the policy of favoring trials on the merits as contrasted with that policy which favors presumptions of prejudice. The reason is that, in the absence of prejudice to defendants, attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed."

[4]We have, pursuant to rule 12(a) of California Rules of Court, augmented the record before us by ordering up the superior court file from which we gleaned this fact.

As was described in *Hansen v. Snap-Tite, Inc.* (1972) 23 Cal.App.3d 208 [100 Cal.Rptr. 51], the trial court has the power to impose "... conditions relating to trial or dismissal of the case that may be required by the court to effectuate substantial justice." (Cal. Rules of Court, rule 203.5(f).)

In summary, the trial court's order must be reversed because the judge did not follow the dictate of the Legislature that he consider each factor of rule 203.5, the plaintiff demonstrated diligence, and the dismissal prevents a meritorious cause from being heard on its merits. As the defendants have failed either to claim or to establish any actual prejudice, this results in a manifest injustice to plaintiff.

The judgment (order of dismissal) is reversed.

Spencer, P. J., concurred.

**HANSON (Thaxton), J.**—I respectfully dissent. I would affirm the judgment.

"Subdivision (a) [of § 583] places no restrictions on the exercise of the trial court's discretion and it will be disturbed only in cases of manifest abuse. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 563-564 [86 Cal.Rptr. 65, 468 P.2d 193].)" (*Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 416-417 [134 Cal.Rptr. 402, 556 P.2d 764].)

In *Corlett v. Gordon* (1980) 106 Cal.App.3d 1005 [165 Cal.Rptr. 524], the court stated at pages 1015-1016: "It has been aptly remarked that '[t]he purpose of Code of Civil Procedure section 583 is dual: one is effectually the same as that of statutes of limitation—they are both statutes of repose, seeking to discourage stale claims "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice.' (*Dunsmuir Masonic Temple v. Superior Court, supra,* 12 Cal.App.3d 17, 22-23 [90 Cal.Rptr. 405].)"

I cannot conclude from the total record which was before the trial court that it ignored rule 203.5 of the California Rules of Court. I as-

sume the Court ruled with rule 203.5 in mind. I am aware of no legal authority that requires the trial court to spread upon the record a statement that he has considered the matter pursuant to rule 203.5. Nor is there any authority to my knowledge which requires the trial court to spread on the record complete reasons for his discussion.

I have reviewed the entire record on appeal as well as the superior court file ordered up pursuant to rule 12(a) of the Rules of Court and I cannot say that the trial court manifestly abused its discretion. To the contrary, the record on appeal, as augmented, amply supports the order of dismissal which the trial court had considered and reconsidered on two separate occasions.

Rule 203.5(e), specifically provides that in addition to affidavits and supporting data the court's consideration shall include the entire court file.

Both the record on appeal and the augmented record discloses that the complaint, amongst other things, alleges that defendant Oringer who held himself out as a bail bondsman hired his personal attorney, Gerald M. Persion, to represent plaintiff's husband, Harry T. Tannatt, in a criminal case; that on April 16, 1976, plaintiff met in the offices of Vic Nardoni Bail Bonds to get her $30,000 back and that present at the meeting were two individuals from the Nardoni office, Irving Glasser, Joseph Joblin, Oringer and attorney Gerald M. Persion.

While a discretionary dismissal pursuant to section 583, subdivision (a), is not based on factual determinations of the issues raised by the pleadings, the answer filed by defendants Associated Bond, National Auto, and Joblin, has attached to it as exhibit A a copy of "Receipt for Collateral Deposited" No. 27042 dated February 24, 1976, in the sum, of $30,000. At the bottom of this document is a portion entitled "Receipt for Return of Collateral" dated "4-16-'76." Printed below the date is "The above-described bond having been exonerated, the return of the collateral deposited is requested, and receipt of same is hereby acknowledged." Following this is a bracketed portion written in by pen and initialed "S.J.T." (presumably the plaintiff herein) stating: "This authorize [sic] and instruct [sic] you to issue the check made payable to the order of Harry Oringer to whom this collateral is assigned and transferred." Under the above there appears in two places the signature of "Sylvia J. Tannatt" as "Depositor."

Also attached as exhibit B to the foregoing answer on a sheet of paper bearing "Vic Nardoni Bail Bonds" letterhead and dated April 16, 1976, is the following: "This will acknowledge receipt from Associated Bond and Insurance Agency of check No. 1741 for thirty thousand dollars ($30,000.00) payable to the order of Harry Oringer, in return of the cash collateral in the amount of thirty thousand dollars ($30,000.00) on the bail bond for Harry Tucker Tannatt." This document was signed by Harry Oringer. Plaintiff Sylvia J. Tannatt signed as a "witness."

What we have here is a plaintiff who elected to proceed against the first named defendant, Oringer, only and did not give notice of the pendency of the action or effect service on the defendants herein for about 3 years (over 35 months) after filing the complaint and the case was at a complete standstill during that period as to the defendants herein, Joblin, Associated Bond and National Auto. No "at-issue" memorandum was ever filed even after the defendants herein had filed their motions to dismiss. No discovery of any kind had ever been undertaken against defendants by plaintiff and defendants were not afforded the opportunity to engage in discovery during that time period because they had not been served.

The sole reason that plaintiff gives for her delay was her decision to pursue her claim against the first named defendant and only after she had perfected her claim against Oringer and was unable to recover from him because he was judgment proof did she turn to the defendants herein. Proceeding against one party defendant to judgment in an action against multiple defendants does *not* constitute due diligence or an excuse for failing to serve and proceed against other defendants. (*Anderson v. Nawa* (1914) 25 Cal.App. 151 [143 P. 55].)

The majority opinion's statement that "Plaintiff's forebearance from prosecuting the other defendants was neither capricious nor unreasonable" is not persuasive. The lack of capriciousness is not the test. The trial court's finding of lack of due diligence on the part of plaintiff implies also a finding of lack of reasonableness.

Nor does a mistaken belief of plaintiff's counsel that the discretionary two-year period of section 583, subdivision (a), does not start to run until service constitute an acceptable "excuse" for lack of due diligence.

The augmented record shows that attorney Persion, a percipient witness to what transpired at the meeting on April 16, 1976, died on October 7, 1979, during the period the instant case was in limbo by reason of the plaintiff's inaction. The unavailability of vital witness Persion for discovery purposes or testimony as to what transpired at the April 16 meeting and to the relationship between Oringer, attorney Persion, plaintiff's husband and plaintiff, and the defendants herein undoubtedly constituted undue prejudice to the defendant's case.

Plaintiff's counsel at oral argument before this court argued that the statute of limitations had not run at the time the trial court ruled on defendants' motion to dismiss, implying that she could have dismissed the instant action without prejudice and filed a new action against these defendants.

However, the fact remains that it is the instant court case, number C 196109, which was before the trial court and no other.

In conclusion, I cannot say from the total augmented record that the trial court ignored rule 203.5(e), or manifestly abused its discretion or improperly concluded expressly or by implication that plaintiff did not exercise reasonable diligence in prosecuting her action as against the defendants herein and that the defendants have suffered undue prejudice by reason of such delay.

I would affirm the judgment (order of dismissal).

Respondents' petition for a hearing by the Supreme Court was denied June 16, 1982.