[Civ. No. 68345. Second Dist., Div. Three. Mar. 27, 1984.]

ROBERT A. D'HONDT, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Defendants and Respondents.

COUNSEL

John A. Girardi, James B. Kropff and Girardi, Keese & Crane for Plaintiff and Appellant.

Dale B. Goldfarb, Mark W. Flory and Harrington, Foxx, Dubrow & Canter for Defendants and Respondents.

OPINION

**TODD, J.**\*—Plaintiff appeals from an order of dismissal granted pursuant to Code of Civil Procedure section 583, subdivision (a),[1] for failure to bring

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Code of Civil Procedure section 583, subdivision (a) provides as follows: "The court, in its discretion, on motion of a party or on its own motion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council."

All statutory references are to the Code of Civil Procedure and all references to rules are to the California Rules of Court.

the case to trial within two years after filing.[2] The issue presented is whether a case ordered into arbitration when it is more than two years old can be dismissed under section 583, subdivision (a) while the case remains in arbitration. For the reasons stated herein, we conclude that there is no prohibition against such a dismissal and affirm the judgment.

## FACTUAL BACKGROUND

On March 17, 1976, the plaintiff, Robert A. D'Hondt, filed an action against the Regents of the University of California, alleging medical and dental malpractice in rendering treatment to him at U.C.L.A. Hospital and Medical Center for injuries sustained in an accident. Defendants filed their answer on May 11, 1976, and on May 24, 1976, the at-issue memorandum was filed by plaintiff.

Interrogatories were propounded by each of the parties to the other in late May 1976. Defendants filed their answers on August 18, 1976, and plaintiff on October 15, 1976.

The trial date was set for April 11, 1979. Prior to that date, defendants moved for a continuance of the trial. Plaintiff joined in the motion. A mandatory settlement conference set for March 20, 1979, was continued to March 30, 1979, because the parties were not then ready. On March 30, the mandatory settlement conference was continued to August 1, 1979, and the trial continued to August 27, 1979.

On August 1, 1979, over three years and five months after the case was filed, the court found that the amount in controversy did not exceed $15,000 and transferred the matter to superior court arbitration pursuant to rules 1601-1617. The August 27 trial date was vacated.

An arbitrator was selected on August 22, 1979, and the arbitration hearing was scheduled for November 15, 1979. That hearing was continued by both parties to February 7, 1980. The February 7th hearing was continued by plaintiff's counsel to July 1 and July 2, 1980. Just prior to the July date, plaintiff's counsel again continued the arbitration to August 26 and August 27, 1980. Prior to the August arbitration date, plaintiff's counsel postponed the hearing but set no new date.

Defense counsel subsequently contacted plaintiff's counsel on several occasions seeking a settlement demand but received no reply. After plaintiff's

---

[2]Section 581d provides that an order of dismissal constitutes a judgment for all purposes. As such, it is appealable under section 904.1, subdivision (a).

counsel associated new counsel on the matter on April 20, 1981, defense counsel sought to contact new counsel to solicit a settlement demand but received no response.

On April 1, 1982, when the case was over six years old and had been in arbitration for two years and eight months, defendants filed a motion to dismiss under section 583, subdivisions (a) and (b). The plaintiff argued that the period of time that the case was in arbitration could not be considered for any purpose in a motion under section 583. The motion was granted pursuant to section 583, subdivision (a).[3] It is from the order of dismissal that plaintiff has appealed.

## CONTENTIONS ON APPEAL

Plaintiff's contentions on appeal are as follows:

1. A case cannot be dismissed under section 583, subdivision (a), while it is in arbitration.

2. Under rule 1601(d), the trial court cannot consider the activities of a plaintiff during the period a matter is in arbitration in determining plaintiff's due diligence.

3. The trial court abused its discretion in dismissing the case under section 583, subdivision (a) as there was an insufficient showing of prejudice to defendant resulting from the delay.

## DISCUSSION

The Trial Court Had the Power to Dismiss the Case While It Was in Arbitration

█ Appellant contends that the tolling provisions of section 1141.17 do not apply to this case and that rule 1601(d) forecloses dismissal under section 583, subdivision (a) while a case is in arbitration. We find these contentions to be without merit.

---

[3]The trial judge explained the ruling by minute order which stated as follows: "Were Code of Civil Procedure 1141.17 tolling provision as construed by plaintiff, the section would permit a case to languish in the judicially-ordered arbitration process indefinitely and with inpugnity, effectively distinguishing [sic] any limitation-period at all, a result inconsistent with the statute and Court rules. [¶] The Court finds that plaintiff has failed to exercise due diligence in procuring an arbitration hearing date after continuing and postponing hearing dates on three occasions prior to 8/26/80. [¶] No facts indicating impossibility, futility nor impracticability appear to have prevented diligent prosecution of this matter. [¶] The Court finds further that defendants will be prejudiced in the delay of adjudication of this matter which has now been pending for six years and two months. [¶] Motion is granted."

At all relevant times, section 1141.17 provided as follows: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in section 583 as to actions filed on or after the operative date of this chapter. [July 1, 1979.] Submission to arbitration pursuant to court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

Appellant argues that because this case was filed prior to July 1, 1979, the first sentence of section 1141.17 does not apply. He further argues that because the case was ordered into arbitration before the six months prior to the lapse of five years from filing, that the second sentence does not apply. Indeed, appellant contends that although section 1141.17 does not apply to this case, rule 1601(d)[4] foreclosed dismissal while the matter was submitted to arbitration.

Rule 1601(d) provides that with respect to court-ordered arbitration, "[w]hen . . . an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action is filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

The tolling provisions of section 1141.17 and rule 1601(d) were construed in *Crawford* v. *Hoffman* (1982) 132 Cal.App.3d 1015 [183 Cal.Rptr. 599], and that interpretation was approved by the Supreme Court in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 234-235, footnote 5 [197 Cal.Rptr. 546, 673 P.2d 216].

In *Crawford*, the action had been filed before July 1, 1979. The case was ordered into arbitration by the court approximately eleven months before the expiration of five years from the time of filing. It was then restored to the civil active list (ordered out of arbitration) three and one-half months before the end of the five-year period. Defendant moved for dismissal after the case passed its fifth anniversary under section 583, subdivision (b).[5] The

[4]Section 1141.14 provides that "the Judicial Council shall provide by rule for practice and procedure for all actions submitted to arbitration under this chapter." Pursuant thereto, rules 1600 to 1617 Judicial Arbitration Rules for Civil Cases were adopted effective on the same date as the statute, July 1, 1979.

[5]Section 583, subdivision (b) provides as follows: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

trial court granted the dismissal. It construed "submission to arbitration" in section 1141.17 to mean the date of the order of submission to arbitration, and did not exclude the time that the matter was in arbitration in its computation of the five years.

The dismissal in *Crawford* was reversed. The court reasoned that by excluding cases filed *on or after* July 1, 1979, the Legislature intended that cases filed *before* that date would be subject to the tolling provision. (*Crawford* v. *Hoffman, supra,* 132 Cal.App.3d at p. 1018.) The court further reasoned that in construing section 1141.17, the date that the matter was ordered into arbitration was inconsequential and it was the fact of *pending* arbitration that was of consequence (*id.,* at p. 1019). The court therefore interpreted "submission to arbitration" to mean the period of time that the case was under the jurisdictional process of court ordered arbitration. Under this analysis, rule 1601(a) would carry out the purpose of section 1141.17 to toll the running of time under section 583, subdivision (b) while a case was submitted to arbitration. (*Id.,* at p. 1018.)

At the time *Crawford* was decided, section 1141.17 did not distinguish between sections 583, subdivision (a), the two-year statute, and 583, subdivision (b), the five-year statute.[6] In fact, the court specifically stated it was expressing no opinion as to the two-year statute. (*Id.,* at p. 1018, fn. 3.)

In this case it is not necessary to decide whether submission to arbitration within six months of the expiration of two years under section 583, subdivision (a) would toll the time. The matter was submitted to arbitration three years and five months after filing and therefore not "within six months of the expiration of the statutory time" under the two-year rule.[7]

In rejecting appellant's contention that rule 1601(d) prohibits dismissal, we begin with the premise that under section 583, the trial court has the discretion to dismiss a case two years after filing, if it is not brought to trial, and it must dismiss a case after five years, unless it finds that it was

---

[6]It is interesting to note that effective January 1, 1984, section 1141.17 was amended to read as follows: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in section 583, except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under section 1141.20 shall not be included in computing the five-year period specified in subdivision (b) of section 583."

[7]Were we to exclude the entire time that the matter was in arbitration, as appellant urges, we would still be left with a case three years and five months old.

impossible, impractical or futile to bring it to trial. (See *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, 238; *American Benefit Plan Administrators, Inc.* v. *Surety Co.* (1983) 145 Cal.App.3d 245, 249 [193 Cal.Rptr. 308].) It is apparent that the Legislature, in formulating a scheme for mandatory court-ordered arbitration, sought to protect a litigant from the harsh rule of mandatory dismissal while the case was in arbitration during a time critical to the five-year rule, i.e. the last six months. It makes little sense, however, to interpret section 1141.17 and rule 1601(d) to take away all discretionary power from the trial judge under subdivision (a) to dismiss a case, without regard to delay or the dilatory tactics of a litigant, as long as the case is in arbitration.

It is clear that the tolling statutes foreclosed dismissal under the five-year statute. (*Moran* v. *Superior Court, supra,* 35 Cal.3d 229, 242, *Crawford* v. *Hoffman, supra,* 132 Cal.App.3d 1015, 1018.) It is equally clear that there was nothing in the tolling statutes to foreclose dismissal under the two-year statute in this case.

We conclude, therefore, that the trial court did have the discretion to dismiss this case under the two-year statute while the case was submitted to arbitration.

The Trial Court Did Not Err in Considering the Activities of Appellant While the Matter Was Submitted to Arbitration

■ The trial court dismissed this case based on plaintiff's lack of diligence during the two years and eight months that the matter was submitted to arbitration. Plaintiff argues that under rule 1601(d) the activities of a plaintiff while a matter is submitted to arbitration cannot be considered. This argument is without merit.

Section 1141.17 and rule 1601(d) proscribe the inclusion of the time in arbitration in the computation of time under section 583. We find no authority which prohibits consideration of the plaintiff's diligence during that period. In fact, a construction of section 1141.17 and rule 1601(a) in the manner appellant urges would be illogical and contrary to the stated legislative purpose of the arbitration procedures to save time and money for litigants. (See Code Civ. Proc., § 1141.10.) In *Moran* v. *Superior Court, supra,* 35 Cal.3d at page 239 the court in fact considered the activities and diligence of the plaintiff while the case was submitted to arbitration.

The trial court did not err in considering the diligence of appellant during the time that the matter was submitted to arbitration.

 

The Trial Court Did Not Abuse Its Discretion in Granting a Dismissal Under Section 583, Subdivision (a)

■ Appellant contends that the trial court abused its discretion in dismissing the case as there was an insufficient showing of prejudice to the plaintiff. This contention is equally without merit.

■ In discussing the nature of appellate review with respect to a discretionary dismissal under the two-year statute, the Supreme Court in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193], stated that, "a reviewing court should not disturb the exercise of a trial court's discretion unless it appears there has been a miscarriage of justice."

■ The purpose of section 583 is to discourage stale claims and to compel reasonable diligence in the prosecution of actions. (*Dunsmir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 22-23 [90 Cal.Rptr. 405].) While the policy underlying the dismissal statute is less powerful than that which seeks to dispose of litigation on the merits, an alleged wrong, without more, is insufficient to undermine the policy of section 583, subdivision (a). (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562 [194 Cal.Rptr. 773, 669 P.2d 9].)

The more compelling policy of favoring the resolution of a case on the merits will only prevail where the plaintiff makes *some* showing of excusable delay. (*Ibid.*) It is certainly reasonable to expect a greater showing of excuse as the case gets progressively older. (See *Feingersh* v. *Lutheran Hosp. Society* (1977) 66 Cal.App.3d 406, 411 [136 Cal.Rptr. 155].)

■ In this case, plaintiff made absolutely no showing of excuse for the delay of two years and eight months while the matter was submitted to arbitration. In fact, during that period of time, the fifth and sixth anniversaries of the case passed, and when defense counsel sought to communicate with plaintiff's counsel, there was no response. Plaintiff continued the arbitration hearing three times and failed to set a new date after the third continuance, permitting the case to remain in limbo for 19 months until the defendants filed the motion to dismiss.

Although the defendants' moving papers in the trial court make no specific allegation of prejudice occasioned by the delay, reference is made to evidence becoming stale and witnesses' recollections dimming with the passage of time. Plaintiff argues that prejudice cannot be presumed by the mere passage of time. It is true that cases have commented that a presumption of prejudice *without more* has questionable validity in cutting off a plaintiff's

remedy to an apparently meritorious cause. (See *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 563 [133 Cal.Rptr. 212].) However, that comment has been made in the context of cautioning a trial court that in the process of seeking to achieve substantial justice, the realities of prejudice to a defendant should be considered along with all other relevant factors. (*Ibid.,* see also *Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d 554, at p. 562; *Tannatt* v. *Joblin* (1982) 130 Cal.App.3d 1063, 1069 [182 Cal.Rptr. 112]; *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 401 [153 Cal.Rptr. 912].)

In a case such as this, where the delay has carried the case into its sixth year and where the plaintiff has shown absolutely no justification for the delay, the trial court had no choice but to conclude that the delay was unreasonable. Under these circumstances, when almost seven years had passed from the time of the alleged negligence, it was reasonable for the trial court to conclude that the defendants were prejudiced by the passage of time. Having weighed the lack of any justification for the delay against the prejudice, it was not an abuse of discretion for the trial judge to dismiss the case.

The judgment of dismissal is affirmed.

Lui, Acting P. J., and Danielson, J., concurred.

A petition for a rehearing was denied April 24, 1984, and appellant's petition for a hearing by the Supreme Court was denied May 24, 1984. Bird, C. J., was of the opinion that the petition should be granted.