Filed  2/26/13  Bolgar v. Glen Donald Apartments CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PETER BOLGAR, | B241636 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC372736) |
| v. | |
| GLEN DONALD APARTMENTS, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County. Mary Ann Murphy, Judge.  Affirmed.

_____

Peter Bolgar, in pro. per., for Plaintiff and Appellant.

Hatton, Petrie & Stackler, Arthur R. Petrie II, and John A. McMahon for Defendant and Respondent.

_____

Peter Bolgar appeals from an order fixing the amount of an award of attorney fees and costs in favor of Glen Donald Apartments, Inc. (Glen Donald). We affirm.

BACKGROUND

Our opinion in a previous appeal in this litigation summarized the proceedings as follows: "Bolgar owns a one-bedroom unit in Glen Donald Apartments, a 94-unit common interest development in Los Angeles. His suit against Glen Donald and various other defendants was originally dismissed after the superior court sustained defendants' demurrers without leave to amend. Bolgar appealed, and we reversed in part, concluding that Bolgar had adequately alleged a claim that Glen Donald had overcharged him for certain assessments. As we explained, '[u]nless the governing documents provide otherwise, monthly assessments and special assessments must be imposed equally on a per unit basis.' (*Bolgar v. Harris Properties, Inc.* (June 2, 2009, B208257) [nonpub. opn.].) We affirmed the dismissal of the complaint as to all other claims and defendants.

"On remand, Glen Donald moved for summary judgment. Glen Donald introduced evidence showing that the common interest development's governing documents provide that certain assessments are calculated in proportion to each unit's share of the total value of the development, while other assessments are imposed equally on a per unit basis. Glen Donald also introduced evidence showing that the assessments imposed on Bolgar were either proportional to his unit's share of the total value of the development or equal to the other units' assessments, in compliance with the governing documents and the law as stated in our prior opinion.

"The summary judgment motion was originally heard on June 4, 2010, but the court continued the hearing to July 7, 2010, in order to give Bolgar an opportunity to file a properly sworn declaration in opposition. At the continued hearing on July 7, the court granted the motion. The court entered judgment on July 27, 2010, and Bolgar timely appealed." (*Bolgar v. Glen Donald Apartments, Inc.* (Sept. 22, 2011, B226583 [nonpub. opn.].) We affirmed the judgment in favor of Glen Donald. (*Ibid.*)

2

The trial court's docket reflects that on remand Glen Donald moved to fix the amount of attorney fees they should be awarded and also filed a memorandum of costs.[1] Bolgar opposed the motion. The court initially heard the motion on March 13, 2012, but continued the hearing. At the continued hearing on May 16, 2012, the court granted the motion.

On May 31, 2012, Bolgar filed a notice of appeal from "[a]n order after judgment under Code of Civil Procedure section 904.1(a)(2)" and from "[a]n order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)." The notice of appeal did not state the date of the order or judgment from which Bolgar appealed. As far as we can determine from the docket, the only order that had been entered since receipt of the remittitur in the preceding appeal was the May 16, 2012, order fixing the amount of attorney fees and costs.

On June 25, 2012, the trial court entered an amended judgment, awarding attorney fees and costs to Glen Donald in the amount of $71,934.65.

## DISCUSSION

On appeal, an order of the superior court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Ibid.*) Accordingly, in order to prevail on appeal, the appellant must present sufficient argument and legal authority (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368) and a sufficient record (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362) to demonstrate prejudicial error. We review the trial court's determination of the amount of an award of

---

[1] The trial court's docket reflects that while Bolgar's appeal from the summary judgment in favor of Glen Donald was pending, Glen Donald filed a motion "to determine prevailing party." Bolgar opposed this "motion for attorney fees." The court granted the motion on November 19, 2010. Bolgar never appealed from the order granting the motion. His designation of the record for the present appeal did not include the motion, his opposition, or the order granting the motion.

costs and attorney fees for abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; *El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617.)

Bolgar's briefs on appeal contain no arguments for the conclusion that the trial court abused its discretion when it determined the amount of the award of costs and attorney fees. Bolgar's designation of the record on appeal did not call for the clerk's transcript to include Glen Donald's motion to fix the amount of the award; it also did not call for the clerk's transcript to include any of the other documents Glen Donald filed in support of the motion. The clerk's transcript consequently contains none of those documents, and we must presume that the motion and other supporting documents contain adequate support for the trial court's ruling. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.)

For all of the foregoing reasons, we must affirm the trial court's order fixing the amount of the award of costs and attorney fees.

DISPOSITION

The order is affirmed. Respondent shall recover its costs of appeal.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, J.
We concur:



        MALLANO, P. J.                CHANEY, J.


4