Filed 4/1/14  Tribolet v. Salas CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ICELA TRIBOLET, | |
| Respondent, | G048286 |
| v. | (Super. Ct. No. 12V000709) |
| JULIO O. SALAS, | O P I N I O N |
| Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.

Julio O. Salas, in pro. per., for Appellant.

No appearance for Respondent.

\*        \*        \*

Julio O. Salas appeals from a domestic violence restraining order issued against him. Salas contends the trial court abused its discretion in issuing the order based on findings unsupported by the evidence. Salas's appeal fails because he utterly disregards his appellate burden to provide in his opening brief "a summary of the significant facts." (Cal. Rules of Court, rule 8.204(a)(2)(C).)

Salas's opening brief argues the trial court abused its discretion because its "finding of domestic violence was entirely unsupported by the evidence presented." Despite challenging the sufficiency of the evidence, Salas provides no summary of the facts of the case supported by references to the record.

The only facts contained in the brief are as follows: Salas and respondent Icela Tribolet "were involved in a romantic relationship for a few years"; Tribolet obtained a temporary restraining order against Salas based on an ex parte application; and at the restraining order hearing, Salas and Tribolet both testified, as did a witness for Tribolet who "at times saw bruises on [Tribolet] but had no idea as to how they got there." Salas recounted no part of Tribolet's testimony.

Not only did Salas fail to summarize the testimony from the hearing, but he also omitted from the clerk's transcript Tribolet's application for the restraining order, including her declaration as to the various acts of domestic violence Salas committed against her. At the conclusion of the hearing, the trial court noted Salas had not "explicitly denied" the facts stated in the application, and the court found the information in Tribolet's application was "really quite crucial" in proving Salas committed the violent acts alleged. Based on Tribolet's declaration and her trial testimony, which the trial court found credible, the court issued the requested restraining order.

A reviewing court starts with the presumption the record contains evidence to sustain every finding of fact. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'[W]hen an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate statement of the evidence which is claimed to be

2

insufficient.  He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect.'"  (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)  Thus, appellants who challenge the decision of the trial court based upon the absence of substantial evidence to support it ""'are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*. Unless this is done the error is deemed waived." [Citations.]'"  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Brockey v. Moore* (2003) 107 Cal.App.4th 86, 96-97 [same]; *Huong*, at pp. 409-410 ["An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the evidence bearing on the challenged finding, particularly including evidence that arguably *supports* it"].)

Salas has clearly failed to meet his burden on appeal.  He does not set forth all the material evidence presented by the parties; in fact, he recounts almost none of the evidence.  For that reason alone, we may treat his claim as waived.  Furthermore, we have read the reporter's transcript and find more than sufficient evidence to support the trial court's finding Salas committed acts of domestic violence against Tribolet, justifying the restraining order issued against him.

The judgment is affirmed.  Respondent is entitled to costs on appeal

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

FYBEL, J.

3