Filed 7/17/14 Rudy M. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RUDY M., | F069521 |
| Petitioner, | (Super. Ct. No. JD131468-00) |
| v. | |
| THE SUPERIOR COURT OF KERN COUNTY, | **OPINION** |
| Respondent; | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, | |
| Real Party in Interest. | |

### THE COURT[*]

APPEAL from orders of the Superior Court of Kern County. Louie L. Vega, Judge.

Rudy M., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

Petitioner Rudy M. (father) in propria persona petitions (Cal. Rules of Court, rule 8.452) to vacate the juvenile court's May 27, 2014 order terminating his reunification services and setting a Welfare and Institutions Code section 366.26[1] hearing for his one-year-old daughter, Isabella. Father alleges the juvenile court's order was erroneous due to his incarceration. His petition fails to comport with the procedural requirements of California Rules of Court, rule 8.452(b), in that it does not include a memorandum: (1) summarizing the significant facts contained in the record; and (2) supporting his argument by citation to legal authority and the record. Accordingly, we will dismiss father's petition as inadequate.

## PROCEDURAL AND FACTUAL HISTORY

When Isabella was approximately five months old, each of her parents was arrested. The mother was arrested for being under the influence of methamphetamine and father, who was also using methamphetamine, was arrested for a parole violation. As a result, Isabella was placed in protective custody and the Kern County Department of Human Services (department) initiated these juvenile dependency proceedings.

The juvenile court subsequently exercised its dependency jurisdiction over Isabella because of the substantial risk that she would suffer serious physical harm by each parent's inability to provide regular care due to each parent's substance abuse. In November 2013, the juvenile court ordered Isabella removed from parental custody and ordered six months of reunification services for only father. Father's reunification services included counseling for parenting and substance abuse, random drug testing, and visitation.

Father was in and out of custody during these proceedings. He was both incarcerated and released during mid-October 2013. He was again arrested on October 29, 2013, for carrying a concealed dirk or dagger. He explained to a social worker in

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

mid-November 2013, that he was in pretrial custody and could not be placed in minimum security "because of his circumstances." He was released sometime after, but arrested again on December 7, 2013, on a grand theft auto charge. He has remained incarcerated since then. His expected release date is November 4, 2014. Because he was once again in pretrial custody and allegedly in protective custody, father told social workers he could not participate in court-ordered reunification services.

As of a six-month status review hearing in May 2014, father had not completed any reunification services and had made no progress in addressing the problems that led to Isabella's removal. Father also did not visit with Isabella when he was not incarcerated and, because the child constantly cried during visits at the jail, father waived his right to visit with Isabella while he was incarcerated. There was also no substantial probability that Isabella could be returned to father within another six months.

At the May 2014 hearing, father's counsel asked the court to give father additional time to reunify with Isabella due to his inability to participate in reunification services because of his custodial status at the jail. The juvenile court denied the request for additional time to reunify and terminated reunification services as to father pursuant to section 366.21, subdivision (e).[2] In so doing, the court found: Isabella was under the age

---

[2] Section 366.21, subdivision (e) provides in pertinent part:

"If the child was under three years of age on the date of the initial removal, or is a member of a sibling group described in subparagraph (C) of paragraph (1) of subdivision (a) of Section 361.5, and the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court may schedule a hearing pursuant to Section 366.26 within 120 days. If, however, the court finds there is a substantial probability that the child, who was under three years of age on the date of initial removal or is a member of a sibling group described in subparagraph (C) of paragraph (1) of subdivision (a) of Section 361.5, may be returned to his or her parent or legal guardian within six months or that reasonable services have not been provided, the court shall continue the case to the 12-month permanency hearing."

of three at the time she was initially removed from parental physical custody; there was clear and convincing evidence that father had failed to participate regularly and make substantial progress in the court-ordered treatment program; and there was also no substantial probability that the child might be returned to father within an additional six months.

The court consequently set a permanency planning hearing (§ 366.26) for September 24, 2014, to select and implement a permanent plan for Isabella.

## DISCUSSION

### *Inadequate Petition*

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father contends the juvenile court should not have made its May 27, 2014 orders because of his incarceration. However, he fails to explain how the juvenile court's decision was legally erroneous. Also, he implies it is not his fault that he could not participate in services during his incarceration and yet he ignores the record. There was no evidence that father had taken steps to reunify with Isabella when he was not incarcerated. Also, he was aware, prior to the November 2013 order granting him reunification services, that he could not participate in services if he was incarcerated. Yet, even after he was released in November 2013, he was arrested for a new offense in December 2013. Father further overlooks the evidence that there was no substantial probability that he could reunify with Isabella within another additional six months

4

because he would not be released and available to even participate in services until November 2014.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is immediately final as to this court.