Filed 11/18/14  Saul Z. v. Superior Court CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

SAUL Z.,

    Petitioner,

  v.

THE SUPERIOR COURT OF TULARE COUNTY,

    Respondent;

TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,

    Real Party in Interest.

F070225

(Super. Ct. No. JJV060554A)

**O P I N I O N**

## THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Hugo J. Loza, Commissioner.

Saul Z., in pro. per., for Petitioner.

No appearance for Respondent.

Kathleen Bales-Lange, County Counsel and Amy-Marie Costa, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

\*  Before Levy, Acting P.J., Kane, J., and Poochigian, J.

Petitioner Saul Z. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) following the juvenile court's order of September 11, 2014, wherein the court set a Welfare and Institutions Code section 366.26 hearing.[1]  The petition indicates that it pertains to two of father's four children subject to the juvenile court's jurisdiction.  Father seeks relief from the order "designating a specific placement after a placement order under Welfare and Institutions Code section 366.28" and requests this court to direct the trial court to "Vacate the order designating a specific placement after termination of parental rights under section 366.28," "Order that reunification services be provided," and "Place with paternal grandfather [until] case plan is complied with."

Father explains that he is currently incarcerated and is due to be released on February 4, 2015.

## PROCEDURAL AND FACTUAL HISTORY

A juvenile dependency petition was filed on January 14, 2013, stating that the children had suffered or there was a substantial risk the children will suffer serious physical harm and alleging abuse and neglect.  The children were removed from the home on January 10, 2013, after Visalia police officers served a search warrant and located drugs in the home and found the home in a deplorable condition.  The children were detained and the petition was sustained on January 15, 2013.  The parents were granted family reunification services.  However, reunification services were thereafter terminated on the ground there was not a substantial probability the children would be returned to them within the next six months.  The court continued visitation.

---

[1]     All further statutory references are to the Welfare and Institutions Code.

On June 5, 2014, father was arrested for two prior outstanding warrants and possession of a dirk or dagger. He indicates in the petition that he is incarcerated and will be released on February 4, 2015.

On July 1, 2014, the court ordered a permanent living arrangement with the goal of legal guardianship and set a review hearing pursuant to section 366.3.

On September 2, 2014, the Tulare County Health and Human Services Agency filed a Request to Change Court Order requesting the section 366.3 hearing be changed to a section 366.26 hearing. The request was based on the fact that on July 23, 2014, two of the children were placed with care providers who wanted to adopt them. At the hearing on September 11, 2014, the paternal grandfather indicated an interest in adopting all four children. The court set a section 366.26 hearing for December 18, 2014. The court ordered the paternal grandfather should be assessed to determine if he would be appropriate for placement.

Father filed the instant petition for extraordinary writ on November 3, 2014.

**DISCUSSION**

The purpose of writ proceedings, such as this, is to facilitate prompt review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In his form petition for extraordinary writ, father check marked the boxes requesting the court to vacate the order designating a specific placement after termination of parental rights under section 366.28, requesting the juvenile court order reunification

3

services for father, and requesting the court place the minors Alexis and Araceli with the paternal grandfather until father's compliance with his case plan.

Father, however, makes no specific claim of judicial error. The parents' rights have not yet been terminated and the paternal grandfather is being evaluated for permanent placement. Even if we assume from his request that father contends the court should have ordered reunification services for him, he has failed to explain why the court's decision was erroneous.

On the record before us, there is no basis for any claim that the juvenile court abused its discretion.

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate. This opinion is immediately final as to this court.