Filed 4/29/15  Gordon v. Ventura CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ERROL J. GORDON, | B256954 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC469802) |
| v. | |
| DONALDO VENTURA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly Kendig, Judge.  Affirmed.

Robin E. Paley for Defendant and Appellant.

Law Office of Arnold Melvin Johnson and Arnold Melvin Johnson for Plaintiff and Respondent.

_____

Defendant and appellant Donaldo Ventura appeals from a judgment in favor of plaintiff and respondent Errol J. Gordon in this action to set aside a fraudulent transfer of real property.[1]  The trial court found a transfer of real property from Donaldo's mother was void, ordered a lien on the property and awarded damages against Donaldo in the amount of Gordon's claim.  Donaldo contends the judgment allows Gordon to recover twice for the same damages, and therefore, the trial court abused its discretion to fashion a remedy under the Uniform Fraudulent Transfer Act (UFTA) (Civ. Code, § 3439 et seq.).[2]  We conclude the judgment does not award a double recovery and the remedy was within the trial court's statutory authority.  To the extent Donaldo contends the trial court abused its discretion based on the facts of the case, he has failed to provide an adequate record for review on appeal.  Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Attorney Gordon represented Marta Rodriquez in her dissolution action from Reynaldo Rodriguez beginning in 2004.  Reynaldo secretly diverted community property assets to his mother Raquel Ventura.  Marta joined Raquel in the dissolution proceedings as a claimant.  Raquel gave false testimony about the diversion, perpetuating a fraud upon the court and Marta.  On June 12, 2007, the family law court issued a pendente lite order against Reynaldo and Raquel jointly to pay Marta's attorney fees of $25,000 directly to Gordon.

Marta filed a motion for additional attorney fees and sanctions scheduled to be heard on May 11, 2009.  On May 5, 2009, the family law court continued the motion.  Four days later, on May 9, 2009, Raquel purchased a condominium unit in Sylmar.  She

---

[1] Parties and participants in the underlying proceedings who share the same last name will be referred to individually by their first names for ease of reference.

[2] All further statutory references are to the Civil Code, unless otherwise stated.

executed a promissory note in the amount of $77,350 and gave a deed of trust to the lender. That same day, she executed a grant deed conveying title to her son Donaldo as a gift. After she transferred the property to Donaldo, she permanently relocated to El Salvador with all of her belongings.

In September 2009, the family law court issued an order on reserved issues. The court ordered Raquel to pay $65,000 for Marta's attorney fees directly to Gordon, with a credit of $32,622.24 for attorney fees previously paid through a writ of execution on the pendente lite order. The total amount of attorney fees remaining to be paid was $32,377.77. The judgment of dissolution was entered on March 1, 2010.

On September 20, 2011, Gordon filed a complaint against Donaldo and Raquel to set aside a fraudulent transfer of real property. The complaint sought to have the property transfer declared void to the extent necessary to satisfy Gordon's judgment against Raquel, plus interest. Gordon also sought an award of attorney fees against Donaldo and Raquel. In Gordon's trial brief, he stated that the total principal and interest owed on the judgment was $44,904.49.

A trial was held on January 13, 2014, and a proposed judgment was filed. The record on appeal does not contain a reporter's transcript of the trial proceedings, a minute order from the trial date, or the proposed judgment. Donaldo objected to the proposed judgment on the grounds that the trial court was not authorized to order a lien on the property and the award of damages must be eliminated because it would allow Gordon a double recovery, in that Gordon could recover on both judgments.

Gordon filed a response to Donaldo's objections and a second proposed judgment. He noted the minute order from January 13, 2014, reflects that the trial court granted a lien against the real property. He also stated the trial court found against the defendants for the remaining balance of the judgment. Section 3439, subdivision (b)(1), authorized the court to enter a monetary judgment for the amount necessary to satisfy the creditor's claim against the first transferee of the asset or for whose benefit the transfer was made. The first transferee was Donaldo, so the judgment was authorized. Under section

3

3439.07, subdivision (a)(3)(C), in addition to voiding a fraudulent transfer, the trial court had the power to award any relief the circumstances may require.

The trial court entered judgment in favor of Gordon on March 5, 2014. The judgment found the transfer between Raquel and Donaldo was void, granted a lien on the real property to secure payment of the balance due on the judgment against Raquel in the total amount of $44,904.49, and rendered consequential damages against Donaldo as transferee of a fraudulent transfer in the amount of $44,904.49.

Donaldo renewed his objections to the judgment. On March 18, 2004, Donaldo filed a motion to vacate the judgment. He argued that the legal basis for the award of damages against Donaldo was not supported by the facts. There was no wrongdoing by Donaldo and the judgment doubled Gordon's recovery. A hearing was held on October 31, 2014.[3] The trial court found the motion to vacate the judgment was untimely. On the court's own motion, as a correction of a clerical error in the event the judgment could be interpreted to provide double recovery of $44,904.49, it made the award of damages against Donaldo joint and several with the obligation against Raquel.

On June 13, 2014, Donaldo filed a notice of appeal from the judgment.

**DISCUSSION**

Construction of the Judgment

Donaldo contends the judgment provides Gordon with an impermissible double recovery, because he may satisfy the debt of $44,904.49 from the lien on the real property and obtain damages of $44,904.49 from Donaldo. We disagree with Donaldo's interpretation of the judgment.

---

[3] Gordon's motion to augment the record on appeal with the minute order of October 31, 2014, and the notice of judgment mailed November 13, 2014, is granted.

4

"The meaning of a court order or judgment is a question of law within the ambit of the appellate court. [Citation.] 'The true measure of an order . . . is not an isolated phrase appearing therein, but its effect when considered as a whole. [Citations.] In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of a court's order as in ascertaining the meaning of any other writing. If the language of the order be in any degree uncertain, then reference may be had to the circumstances surrounding, and the court's intention in the making of the same.' [Citations.]" (*In re Insurance Installment Fee Cases* (2012) 211 Cal.App.4th 1395, 1429-1430.)

The only reasonable interpretation of the judgment in this case is that the remedies in combination allow Gordon a total recovery of $44,904.49. Gordon sought $44,904.49 at trial. The judgment awards damages of $44,904.49, which may be satisfied through the real property lien or other methods of execution on the judgment. Gordon cannot recover in excess of $44,904.49 under the judgment, and therefore from the face of the judgment, it does not provide a double recovery.

## Exercise of Discretion

Donaldo contends the trial court abused its discretion by awarding damages against him in addition to a lien on the property. We conclude the relief provided was within the trial court's statutory authority, and in light of the failure to provide a complete record of the proceedings below, Donaldo has not demonstrated any abuse of discretion.

### A. Standard of Review

The UFTA provides the trial court discretion in fashioning a remedy for a fraudulent transfer. (*Renda v. Nevarez* (2014) 223 Cal.App.4th 1231, 1237 (*Renda*); *Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 839-840 (*Filip*).) The trial court's decision will not be disturbed on appeal unless the appellant demonstrates a clear abuse

of discretion.  (*Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 637, fn. 10.)  "'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered.  The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.'"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)  "'Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion.'  [Citation.]"  (*Horsford v. Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 393.)

It is a well-established rule of appellate procedure that the judgment or order of the lower court is presumed correct.  (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.)  To overcome this presumption, an appellant challenging an order must affirmatively demonstrate prejudicial error.  (*Id.* at p. 566.)  An appellant cannot carry its burden of demonstrating a prejudicial abuse of discretion without providing the appellate court with an adequate record of the lower court's proceedings.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [appellate record was inadequate to demonstrate error regarding damages awarded because plaintiff failed to include a reporter's transcript of the portion of the trial relating to the issue of damages].)

Our review of the trial court's order is limited to matters in the appellate court record.  (*Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207.)  An appellant cannot demonstrate prejudicial error based on assertions of fact that do not appear in the record.

### B.  Application of the UFTA

Donaldo contends the trial court abused its discretion in awarding relief to Gordon, because the UFTA does not authorize an award of damages in addition to a lien on the real property.  We disagree.

"The UFTA permits defrauded creditors to reach property in the hands of a transferee." (*Mejia v. Reed* (*2003*) 31 Cal.4th 657, 663.) A fraudulent transfer under the UFTA involves "'"a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim."'" [Citation.]" (*Filip*, *supra*, 129 Cal.App.4th at p. 829.)

The UFTA provides creditors the following relief, subject to limitations: "(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim. [¶] (2) An attachment or other provisional remedy against the asset transferred or its proceeds . . . . (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, . . . (C) Any other relief the circumstances may require." (§ 3429.07, subd. (a).) In addition, to the extent the transfer is voidable, "the creditor may recover judgment for the value of the asset transferred, [subject to adjustment as equity requires], or the amount necessary to satisfy the creditor's claim, whichever is less." (§ 3439.08, subd. (b).) The judgment may be entered against the "first transferee of the asset or the person for whose benefit the transfer was made" and "[a]ny subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee." (§ 3439.08, subd. (b)(1) & (2).)

"[A] plaintiff is entitled to only a single recovery for a distinct harm suffered, and double or duplicative recovery for the same harm is prohibited. [Citation.]" (*Renda*, *supra,* 223 Cal.App.4th at p. 1237, fn. omitted.) "The UFTA does not impose on the debtor any liability additional to or distinct from the existing claim of the creditor; it simply allows the creditor to obtain '[a]voidance of the transfer . . . to the extent necessary to satisfy the creditor's claim.' (§ 3439.07, subd. (a)(1), italics omitted.) A 'defrauded creditor is not entitled to an enhancement of position beyond what it was before the fraud.' [Citations.]" (*Renda*, *supra*, at p. 1238.)

The remedy in this case did not exceed the trial court's authority under the UFTA. The trial court may void a transfer of real property to the extent necessary to satisfy the creditor's claim, authorize foreclosure on the property, and enter a money judgment against the transferee for the full amount necessary to satisfy the underlying judgment.

7

(See *Filip*, *supra*, 129 Cal.App.4th at pp. 839-840 [trial court acted within its discretion by setting aside fraudulent transfers of real property, authorizing foreclosure, and entering money judgment against all defendants in the full amount of the underlying judgment].) It was within the trial court's discretion to authorize a lien on the property and award monetary damages.

To the extent Donaldo contends it was an abuse of discretion to award damages against him based on the facts of the case, the record is inadequate for appellate review. Without a reporter's transcript of the proceedings below, or a suitable substitute such as a settled or agreed statement, we cannot review evidence of Donaldo's culpability, the value of the property at the time of transfer, or any subsequent transfers or encumbrances of the property.

*Renda*, which Donaldo relies upon, is readily distinguishable. In *Renda*, the trial court denied recovery of money damages from the debtor in a fraudulent transfer action. The appellate court affirmed, because a creditor cannot recover the same damages in two judgments against the debtor. (*Renda*, *supra*, 223 Cal.App.4th at pp. 1236-1237.) In the present case, Donaldo is not the debtor. He is a transferee, and the UFTA expressly provides for money damages against a transferee. Gordon does not have a prior judgment for damages against Donaldo. The holding of *Renda* applies to debtors, not transferees.

## DISPOSITION

The judgment is affirmed.  Respondent Errol J. Gordon is awarded his costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.


GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.