Filed 11/29/22 A.M. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| A.M.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Real Party in Interest. | F084867<br><br>(Super. Ct. No. 21CEJ300280)<br><br><br>**OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review. Todd Eilers, Commissioner.

A.M. in pro. per. for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Carlie M. Flaugher, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Smith, J. and DeSantos, J.

A.M. (mother) seeks extraordinary writ review (Cal. Rules of Court, rules 8.450–8.452)[1] of the juvenile court's orders issued at a combined six- and 12-month review hearing (Welf. & Inst. Code, § 366.21, subds. (e)(1) & (f)(1))[2] in August 2022, terminating reunification services and setting a section 366.26 hearing for December 21, 2022, as to her now 16-month-old daughter, Avery M. Mother seeks an order providing her reunification services and visitation or returning Avery to her custody. However, she fails to assert the juvenile court erred. Consequently, we conclude her writ petition fails to comply with the content requirements of rule 8.450 and dismiss the petition as facially inadequate for review.

## PROCEDURAL AND FACTUAL SUMMARY

Newborn Avery was removed from mother's custody in July 2021 by the Fresno County Department of Social Services (department) after amphetamine and methamphetamine were detected in her umbilical cord. The whereabouts of her alleged father, Christopher, were unknown and remained unknown. Avery was placed in a foster home.

The juvenile court exercised its dependency jurisdiction over Avery at a combined jurisdiction/disposition hearing in September 2021, ordered mother to participate in reunification services and a minimum of two supervised visits a week and set a six-month review hearing for February 2022. The court denied Christopher reunification services. (§ 361.5, subd. (a).)

In its report prepared in February 2022 for the six-month review hearing, the department recommended the juvenile court terminate mother's reunification services and set a section 366.26 hearing. Although mother completed a parenting class and was participating in mental health therapy, she had not been assessed for substance abuse and

---

[1]    Rule references are to the California Rules of Court.

[2]    Statutory references are to the Welfare and Institutions Code.

domestic violence services even though the department made multiple appointments for her. In addition, she tested positive for amphetamines and cannabinoids on February 7, 2022, and was removed from the visitation schedule three times for missing three consecutive visits.

Mother challenged the department's recommendation to terminate reunification services, arguing the services provided by the department were not reasonable. The juvenile court set a contested hearing for May 18, 2022. The hearing was continued, combined with the 12-month review hearing and scheduled for August 24, 2022.

The department maintained its recommendation to terminate mother's reunification services in its report prepared for the August 24, 2022, hearing. It reported mother entered inpatient substance abuse treatment on February 1, 2022, and remained until her discharge on May 15, 2022. She reportedly did well and met all of her treatment goals. However, she was scheduled for an additional assessment on June 13, 2022, to determine if she required further treatment but she did not attend. She attended a class through the batterers intervention program on June 18, 2022, but did not return. She completed seven classes through the child abuse intervention program from June through August 2022. She was discharged from mental health treatment on April 4, 2022, for lack of participation. She missed many drug tests from February through June 2022. She resumed drug testing on June 20, 2022, and tested consistently and positively for marijuana throughout July 2022.

On August 24, 2022, mother appeared with her attorney who presented her case by argument only. Counsel pointed out that there was a change in the social worker assigned mother's case between the six- and 12-month review periods and the reports did not address her housing, transportation and income problems. Mother was participating in an outpatient program and was seeking information regarding Narcotics Anonymous or Alcoholics Anonymous meetings. Counsel further pointed out that mother's last

3

two drug tests were negative and her levels of marijuana were decreasing. Counsel urged the juvenile court to continue services so that mother could address her substance abuse issues and better parent Avery.

The juvenile court found it would be detrimental to return Avery to mother's custody, and that she was provided reasonable reunification services but made minimal progress. The court terminated mother's reunification services, ordered a minimum of one supervised visit a month and set the section 366.26 hearing.

In terminating reunification services, the juvenile court reviewed the many opportunities mother had to begin substance abuse treatment before she finally entered treatment in February 2022. Although counsel represented that mother was participating in outpatient treatment, there was no evidence of that before the court. The court also noted that mother had many opportunities to initiate domestic violence services but did so late in the reunification process. Addressing mother directly, the court pointed out that reunification services could have been terminated at the six-month review because of Avery's age but court congestion delayed conducting a review hearing until the 12-month review. The court stated, "[Y]ou've had a year to choose a path, and unfortunately you continued to choose the path of substance use."

## DISCUSSION

" 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

When the juvenile court sets a hearing under section 366.26, it must first make certain findings and orders. A parent wishing to challenge the court's findings and orders must do so by filing an extraordinary writ petition. The purpose of the extraordinary writ petition is to allow the appellate court to achieve a substantive and meritorious review of

4

the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).) However, a parent filing an extraordinary writ petition must explain how the juvenile court was wrong in ruling as it did; in other words, how the court erred.

Rule 8.452, which sets forth the content requirements for an extraordinary writ petition, requires the petitioner to identify the error(s) he or she believes the juvenile court made and to support each alleged error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).) In keeping with rule 8.452(a)(1), we will liberally construe a writ petition in favor of its adequacy where possible, recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and the reviewing court need not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, mother merely completed the portions of the preprinted Judicial Council form "Petition for Extraordinary Writ" (JV-825) identifying Avery as the subject of the petition and indicating by checking the appropriate boxes that she wants this court to provide reunification services and order visitation or return Avery to her custody. Since the juvenile court provided mother reunification services, we presume she is asking for continued services. As to visitation, the court ordered visitation but at a modified minimum frequency of once monthly from the original twice weekly. In any event, mother did not comply with the procedural requirements of rule 8.452 by providing a summary of the facts or explain how the juvenile court erred in ruling as it did. Consequently, we conclude mother's petition is inadequate for review and warrants dismissal.

5

## DISPOSITION

The petition for extraordinary writ is dismissed as inadequate under rule 8.452.

This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).