Filed 12/2/24  Surita v. Target Corporation CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| ANNA SURITA,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　Defendant and Respondent. | C099855<br><br>(Super. Ct. No. SCV0048156) |

Anna Surita appeals from a judgment of dismissal after the trial court sustained Target Corporation's demurrer to her second amended complaint without leave to amend. On appeal, Surita argues the court erred by determining that her allegations of tortious conduct are privileged.  Surita has failed to demonstrate any error.  Accordingly, we will affirm the judgment.

1

# I.  BACKGROUND

In March 2022, Surita filed her original complaint against Target alleging causes of action for general negligence and intentional tort.  The complaint alleged Surita was "assaulted, battered, wrongfully detained, arrested, and imprisoned in an unlawful, unjustified, reckless, and negligent manner while an invited guest shopping in the Defendants' retail establishment after Defendants wrongfully accused Plaintiff of shoplifting and notified law enforcement."  Target demurred to the complaint.  While Target's motion was pending, Surita filed a first amended complaint without leave of court alleging the same causes of action.  The amended complaint added factual allegations.  It alleged Surita was a customer at a Target store when Target falsely accused her of stealing products and contacted law enforcement to inform them of this accusation and direct them to arrest her:  "*As a result of Defendants' false statements*, law enforcement threatened Plaintiff in a manner causing Plaintiff to sustain fear (assault), touched Plaintiff in an unwanted manner causing pain by twisting Plaintiff's arms and shoulders, spreading Plaintiff's legs, and touching Plaintiff throughout her body (battery), forced Plaintiff to go to a location which Plaintiff did not want to go including leaving the store, a police car, a police station, and a jail without any legal justification (wrongfully detained), placed Plaintiff under arrest by placing Plaintiff in handcuffs, forcing Plaintiff into a police car, and forcing Plaintiff to be transported against her will and wishes to a police station and jail (arrest), and forced Plaintiff to remain in a cage which prevented Plaintiff from leaving without first paying an extortion fee to be released from the cage (imprisoned)."  (Italics added.)  The trial court sustained Target's demurrer to the original complaint with leave to amend on the basis that it failed to allege facts in support of any of the elements of each claim, and deemed the first amended complaint to be filed in response to its ruling.

Target responded to the first amended complaint with another demurrer.  The trial court sustained the demurrer on the basis that reports made to law enforcement of

suspected criminal activity were privileged under the version of Civil Code section 47, subdivision (b) in effect at the time of the alleged incident. The court granted leave to amend.

Surita filed the operative amended complaint, which alleged the same causes of action and factual allegations as the first amended complaint, but added additional factual allegations. The second amended complaint added an allegation that, "Defendants followed Plaintiff throughout the store in an intimidating and accusatory manner repeatedly stopping to look at the items in Plaintiff's shopping cart," and "stopped and prevented Plaintiff from leaving in her vehicle through force and fear of force and blocked Plaintiff's vehicle such that Plaintiff could not move her vehicle to leave and placed Plaintiff in eminent fear that she would be physically battered if she attempted to leave." The second amended complaint also added allegations that, "At the time of Defendant's malicious prosecution of Plaintiff, there was no objective probable cause for Plaintiff's prosecution and the Defendants were aware that there was no objective probable cause for Plaintiff's prosecution. . . . As a result of Defendants' malicious prosecution, Plaintiff suffered both economic and non-economic compensatory damages."

Target demurred to the second amended complaint. Target argued Surita's action was still barred by Civil Code section 47, subdivision (b). Target further argued Surita had not alleged a valid cause of action for malicious prosecution to overcome Civil Code section 47, subdivision (b). Target also asserted any claim for false imprisonment was barred by the statute of limitations. The trial court sustained the demurrer on the basis that both causes of action were barred by the version of Civil Code section 47, subdivision (b) in effect at the time of the alleged incident. Further, the court concluded Surita did not sufficiently allege a claim for malicious prosecution. The trial court denied leave to amend, explaining, "Despite multiple attempts to remedy the deficiencies, plaintiff shows little progress in pleading a viable claim."

3

The trial court entered a judgment of dismissal, and Surita timely appealed therefrom.

## II. DISCUSSION

### A.  Standard of Review

"It is well established that a demurrer tests the legal sufficiency of the complaint. [Citations.]  On appeal from a dismissal entered after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the petition states a cause of action as a matter of law.  [Citations.]  We give the petition a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.]  We deem to be true all material facts that were properly pled.  [Citation.]  We must also accept as true those facts that may be implied or inferred from those expressly alleged.  [Citation.]  We may also consider matters that may be judicially noticed, but do not accept contentions, deductions or conclusions of fact or law."  (*City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 869-870; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Even under de novo review, orders and judgments are presumed to be correct, and the appellant must affirmatively show error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

### B.  Civil Code Section 47

Surita argues the trial court erred by determining that her allegations of tortious conduct were privileged.  At the time of the incident at issue, "when a citizen contact[ed] law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication . . . enjoy[ed] an unqualified privilege under [Civil Code] section 47[, subdivision ](b)."  (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 364.)  The operative complaint alleged Target falsely informed law enforcement that Surita was stealing products, and as a result of these false statements, law enforcement committed various acts.  As Target notes, Surita's

4

opening brief does not cite any legal authority that she contends *supports* her argument. Rather, she argues the cases cited in Target's demurrer were *factually* distinguishable because none of them "dealt with direct involvement with Plaintiff's injuries as in this case including following Plaintiff throughout the store in an intimidating and accusatory manner repeatedly stopping to look at the items in Plaintiff's shopping cart and then stopping and preventing Plaintiff from leaving in her vehicle through force and fear of force and blocking Plaintiff's vehicle such that Plaintiff could not move her vehicle to leave and placing Plaintiff in eminent fear that she would be physically battered if she attempted to leave – [none of the cases cited by Target] dealt with the Defendant having direct communication with the Plaintiff of false accusations of committing a crime and the case did not deal with the Defendant directing law enforcement to take actions against the Plaintiff on Defendant's behest." Surita fails to demonstrate this case is factually distinguishable from any relevant authorities because she never discusses what those cases held or what the scope of Civil Code section 47, subdivision (b) is. Nor does she attempt to demonstrate that if we excise the allegations in her complaint that are barred by the version of Civil Code section 47, subdivision (b) in effect at the time of the alleged incident, any viable cause of action remains. Based on her failure to cite any authority to support her argument, she has, at a minimum, failed to carry her burden to demonstrate error by the trial court. (*In re A.C.* (2017) 13 Cal.App.5th 661, 672-673.)

## III.  DISPOSITION

The judgment is affirmed.  Target Corporation shall recover its costs on appeal.
(Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

RENNER, J.


We concur:


/S/

EARL, P. J.


/S/

BOULWARE EURIE, J.

6