Filed 7/9/25  In re T.G. CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re T.G. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,  Plaintiff and Respondent,  v.  RICHARD G.,  Defendant and Appellant. | F089209  (Super. Ct. Nos. JD146055-00, JD146056-00)  **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Christie Canales Norris, Judge.

Sara Vaona, under appointment by the Court of Appeal, for Defendant and Appellant.

Richard G., in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Levy, Acting P. J., Detjen, J. and Fain, J.[†]

[†]       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Richard G. (appellant) appeals the juvenile court's orders issued at disposition hearings held on December 18, 2024, and January 15, 2025. After reviewing the juvenile court record, appellant's court-appointed counsel informed this court she could find no arguable issues to raise on appellant's behalf. This court granted appellant leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).) Appellant filed a letter brief but failed to make such a showing. Consequently, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2024, the Kern County Department of Human Services (department) received a referral alleging emotional and sexual abuse by appellant. Appellant was the legal guardian of T.G. and C.O. (collectively, the children). The children's sibling, L.G., informed law enforcement that she would continue to run away from appellant's home because she was being emotionally and sexually abused. L.G. claimed appellant, her legal guardian and step great-grandfather, sexually abused her since she was 10 years old. L.G. described incidents where appellant inappropriately touched her and exposed himself to her. Law enforcement placed a protective custody hold on L.G.

The children's great-grandmother and other legal guardian, P.G., stated she was not aware of the reason that L.G. ran away from home. P.G. told law enforcement that L.G. stopped having a good relationship with appellant as she got older. L.G. reportedly wore looser clothing and started to isolate herself in her room. Appellant denied knowing any reason for L.G.'s runaway status, but he claimed other family members were " '[c]oaching' " her to say things to prevent her return to the guardians' home. No further questions were asked of appellant to preserve any evidence, and law enforcement requested that the department refrain from interviewing anyone about the sexual abuse. The children were not initially taken into protective custody because neither of them made allegations of abuse.

2.

Appellant and P.G. filed for guardianship of L.G., T.G., and C.O. in September 2016 when their mother passed away after giving birth to C.O. There were weekend visitation orders for a set of maternal great-grandparents, Kim O. and John O. However, appellant and P.G. did not allow Kim and John to have any contact with the children for the past five years. Kim and John were aware that L.G. was running away from home for the past few months. Kim initially believed L.G. ran way to avoid any structure or discipline until she learned of the allegations of sexual and emotional abuse by appellant.

The social worker spoke to appellant and P.G. over the phone on June 14, 2024. Appellant reported having "many troubles" with L.G. due to her failure to obey the home's rules and complete chores. Appellant claimed L.G. only wanted to have freedom and wear makeup. Appellant stated that " '[Kim and John's family] convinced [L.G.] of all those things to not come back .…' " The social worker inquired about their refusal to allow visitation with other family members, and he insisted that Kim and John never attempted to contact the children. Appellant denied calling L.G. any names, but he stated that L.G. " 'makes up a lot of sh[**] .…' " He did not want L.G. to return to the home because she would only "piss him off even more" until she took classes to correct her lying behaviors. Appellant eventually acknowledged that he was willing to work on the way he spoke to L.G.

On June 17, 2024, law enforcement gave the department permission to interview L.G. L.G. explained that she did not have a good relationship with appellant, and she listed several expletives that appellant called her. L.G. felt depressed and suicidal due to the verbal abuse, and she cut herself and attempted suicide.

The social worker inquired about the first incident of sexual abuse. L.G. described sitting on appellant's lap when she was approximately eight to nine years old, and appellant followed her into the kitchen with his genitals exposed. She also reported an incident where she felt appellant's hand under her shirt while she was laying on his lap.

3.

The ongoing sexual abuse caused L.G. to avoid hugging appellant or maintaining any connection with him. L.G. no longer felt safe in appellant's home, and she wanted to live with either her father or Kim and John.

The children were taken into protective custody pursuant to a warrant on June 24, 2024. The department filed petitions alleging the children were described by Welfare and Institutions Code section 300, subdivision (j).[1] The petitions alleged that the children's sibling, L.G., had been abused and there was a substantial risk that the children would be similarly abused.

On June 26, 2024, appellant and P.G. were present and represented by counsel for a detention hearing. T.G.'s presumed father, Timothy G., was present, and C.O.'s presumed father, L.A., was not present. At the continued detention hearing on July 1, 2024, the same parties were present when the children were detained from the guardians' custody, and a combined jurisdiction and disposition hearing was set for August 15, 2024.

The department's jurisdiction report, dated August 6, 2024, recommended that the allegations in the petition be found true. The children were placed in a foster family home, and L.G. was living with her father, Timothy. The report included a police report containing interviews of L.G. and appellant regarding the sexual abuse allegations.

After multiple continuances, a contested jurisdiction hearing was held on October 29, 2024. Appellant testified that the allegations of sexual and emotional abuse were not true. Appellant also testified that he never punished L.G. He denied that he ever touched L.G. inappropriately or called her names. Appellant insisted that L.G. made up the allegations because he would not let her go out and date at 12 years of age.

P.G. submitted the matter with a waiver of rights. The juvenile court found that she knowingly, voluntarily, and intelligently waived her rights. Counsel for the department and children requested that the allegations be found true. Appellant's counsel

---

[1]     All further statutory references are to the Welfare and Institutions Code.

4.

argued that L.G.'s statements lacked independent corroboration, and he requested that the petition be dismissed.

After hearing argument from counsel, the juvenile court found that appellant's statements were not credible. The juvenile court noted that L.G.'s statements to law enforcement and social workers were "very consistent." The juvenile court also found that appellant's claims that L.G. had never been punished were "hard to believe." The allegations in the petition were found true, and disposition was continued for the completion of a report.

The department's disposition report, dated December 17, 2024, recommended family reunification services be provided to P.G. and no family reunification services be provided to appellant pursuant to section 361.5, subdivision (b)(6). Family reunification services were also recommended for C.O.'s father, L.A. The department recommended placing T.G. in Timothy's custody with termination of jurisdiction.

L.G. and T.G. were placed in the home of Timothy, and he was found to be meeting their needs. C.O. was placed in a resource family home, and she requested family time with L.G. Timothy requested information on the process to obtain placement of C.O. due to her close relationship with L.G. and T.G. During supervised visitations with T.G. and C.O., appellant commented that L.G. was lying and causing him to lose all of his money on legal fees. In November 2024, T.G. began refusing visits with appellant and P.G.

On November 19, 2024, the department filed a petition for termination of guardianship for T.G. On December 18, 2024, appellant, P.G., and Timothy were present for the continued disposition hearing. The juvenile court also held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, and denied appellant's motion to relieve his counsel.

Appellant's counsel submitted on the department's request to terminate the guardianship of T.G. The juvenile court proceeded to terminate the guardianship.

Timothy was awarded sole legal and physical custody of T.G., and dependency jurisdiction over T.G. was terminated. The disposition hearing for C.O. was continued to January 15, 2025.

A contested disposition hearing was held on January 15, 2025. Appellant and P.G. were both present and represented by counsel. P.G. testified that appellant moved out of her home approximately three months earlier. P.G. indicated that she would not allow appellant in the home if C.O. was returned to her custody. P.G. testified that she did not believe that the allegations made against appellant were true. Appellant testified that he was willing to remain out of P.G.'s home and obtain a divorce as long as C.O. was able to be placed with P.G.

P.G.'s counsel requested that C.O. be returned to her care under a plan of family maintenance. Appellant's counsel joined in P.G.'s request for family maintenance services, but he made no request for services. C.O.'s counsel acknowledged C.O.'s love for appellant and P.G., but he did not believe the child would be safe with P.G.

After hearing argument from counsel, the juvenile court provided its ruling. The court did not believe that appellant would remain out of the home since P.G. had not demonstrated an ability to protect the children. The court proceeded to remove C.O. from the custody of L.A. and the guardians, and family reunification services were provided to P.G. and L.A. Family reunification services were not provided to appellant pursuant to section 361.5, subdivision (b)(6). A six-month review hearing was set for July 15, 2025.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In his letter brief, appellant asserts that he was not allowed to present all of his evidence or subpoena witnesses. Appellant asserts that he would have introduced L.G.'s diary and called family members to testify on his behalf. Appellant further claims that his attorney did not adequately argue his case. To the extent appellant attempts to raise a claim of ineffective assistance of counsel, it would fail. To prevail on a claim of ineffective assistance of counsel, a parent must establish "counsel failed to act in a manner to be expected of reasonably competent attorneys practicing in the field of juvenile dependency law" and the "claimed error was prejudicial." (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1667–1668.)

There is no evidence his attorney was ineffective for failing to present additional evidence or argument on appellant's behalf. Here, appellant does not point to any evidence in the record to show his trial attorney's representation was substandard or that, even assuming he acted in the way appellant describes, the juvenile court would have ruled differently. Appellant also fails to specify what evidence L.G.'s diary contained and how it would have caused the court to dismiss the petition. Appellant's bare assertion, without more, is not good cause to show an arguable issue of ineffective assistance exists on the record.

Finally, appellant contends the juvenile court refused to listen to the truth or hear his evidence. However, he does not claim that the court's jurisdiction or dispositional findings were not supported by sufficient evidence. Rather, he appears to contend that we should reweigh the evidence and find that his testimony was credible. We conclude appellant fails to show good cause that these issues merit additional briefing.

Having reviewed appellant's supplemental brief, we find appellant has not made a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) Appellant's letter brief furnishes no valid argument with supporting legal authorities for his purported claims of error. (See *In re Sade C.*, *supra*, 13 Cal.4th at p. 994 [the appellant must " 'present argument and authority on each point made' "].)

We acknowledge that appellant disagreed with the allegations made by L.G. regarding his conduct toward her.  However, we are mindful " ' " 'that issues of fact and credibility are the province of the trial court[ and]' '[w]e do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.  [Citations.]' " ' " (*In re A.P.* (2024) 103 Cal.App.5th 1137, 1142.)  The court made clear determinations regarding appellant's lack of credibility after he provided his testimony in the matter.  In contrast, the statements made by L.G. were found to be consistent by the court.  We do not second-guess the court's credibility determinations.  (*Ibid*.)

When all of the evidence is considered together, a finding that appellant posed a substantial risk to the children was supported by substantial evidence.  Accordingly, our review of the challenged orders confirms counsel's determination that no arguable issues exist.  Further, though we are not required to, we have reviewed the record as it relates to the jurisdictional and dispositional orders, and we have found no arguable issues for briefing.  (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.)  Accordingly, we dismiss the appeal.

## **DISPOSITION**

This appeal is dismissed.