Filed 9/19/25  Marriage of Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of DWIGHT JOHNSON and TINA FRAZIER JOHNSON. | |
| DWIGHT JOHNSON,<br><br>Appellant,<br><br>v.<br><br>TINA FRAZIER JOHNSON,<br><br>Respondent. | F089046<br><br>(Super. Ct. No. S1501FL628974)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Donald Bryson Griffith, Judge.

Dwight Johnson, in pro. per., for Appellant.

No appearance by Respondent.

-ooOoo-

This is a family law case which has its genesis in Dwight Johnson's (father) June 2014 petition for dissolution of his marriage to Tina Frazier Johnson (mother).  After a judgment of dissolution was entered in September 2018, and custody orders concerning the

---

[*]     Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

couple's three children were issued, the children became subjects of a juvenile dependency case in another county. Ultimately, the juvenile court dismissed the dependency case and issued exit orders.

Thereafter, father filed a petition in the family law case to modify the custody order and transfer the family law case to the children's purported Indian tribe under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). The family court denied the request to transfer the case, finding ICWA did not apply to these proceedings. Father appealed that finding and we affirmed the family court's decision in an unpublished decision, *In re Marriage of Johnson* (Jan. 27, 2025, F086965).

During the pendency of that appeal, father filed a request for an order of genetic testing under Family Code sections 7550 and 7551.[1] "[A]n order for genetic testing is mandatory when the following elements are met: (1) there is a civil proceeding; (2) wherein parentage is a relevant fact; (3) a timely motion for genetic testing has been filed; (4) by a party; and (5) the testing would be for the child, mother, and alleged father." (*County of Riverside v. Estabrook* (2019) 30 Cal.App.5th 1144, 1150.) Father's request for genetic testing did not explain why he waited so long to bring the request or why parentage is relevant at this point in the proceedings. At a November 1, 2024 hearing, the family court found father had not met his burden and denied his request.

---

[1] Family Code section 7550 provides that the chapter governs (a) "genetic testing of a person who either voluntarily submits to genetic testing or is ordered to submit to genetic testing pursuant to an order of a court or local child support agency," and (b) "[t]he use of genetic testing in a proceeding to determine parentage."

Family Code section 7551 provides, in relevant part: "in a civil action or proceeding in which parentage is a relevant fact, the court may, upon its own initiative or upon suggestion made by or on behalf of any person who is involved, and shall upon motion of any party to the action or proceeding made at a time so as not to delay the proceedings unduly, order the woman who gave birth, the child, and the alleged genetic parent to submit to genetic testing." (*Id.*, subd. (a).)

Father, who has represented himself throughout these proceedings, appeals from the order denying his request.[2]  On appeal, he does not address his request for genetic testing or the family court's denial of that request and does not make any reasoned argument that the family court erred.  A trial court's order or judgment is presumed to be correct, and an appellant has the burden on appeal to demonstrate both error and prejudice.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *People v. Stanley* (1995) 10 Cal.4th 764, 793; *Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074.)  Father's failure to make an argument with analysis and citation to legal authority constitutes a forfeiture of his contention on appeal.  (See, e.g., *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [" 'When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "]; see also *Public Employment Relations Bd. v. Bellflower Unified School Dist.* (2018) 29 Cal.App.5th 927, 939 [" ' "[w]e are not bound to develop [the] appellants' arguments for them" ' "]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["[w]hen legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration"].)

Instead, father raises the same arguments he made in the prior appeal, *In re Marriage of Johnson* (*supra*, F086965)—that the case is governed by ICWA and, therefore, the family court was required to transfer the case to tribal jurisdiction.[3]  That argument, however, is irrelevant to whether the family court erred in denying his request for genetic testing.  Moreover, we rejected that argument in the prior appeal, *In re Marriage of Johnson* (*supra,*

---

[2]  Mother did not file a respondent's brief.  Even so, we must "examine the record and consider the opening brief and oral argument, if any, to determine whether the trial court's ruling was prejudicial error."  (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 419, fn. 2.)

[3]  We will not address father's contention—first raised at oral argument—that neither the family court nor this court has personal jurisdiction over him.  Father did not make this argument in his appellate brief, and it is therefore forfeited.  (See *People v. Thompson* (2010) 49 Cal.4th 79, 110, fn. 13 [an argument not made in briefs cannot properly be raised at oral argument].)  Moreover, the argument is nonsensical.

F086965), and our determination that ICWA does not apply to this litigation is conclusively established and determinative of the parties' rights in this proceeding. (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127 [an appellate court's decision that states a rule of law necessary to the decision of the case " ' "conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case" ' "].)

Finally, father's opening brief contains a section labeled "Motion to Augment Record on Appeal." Father states he requests augmentation of the record on appeal pursuant to California Rules of Court, rule 8.155(a), with documents that were not included in the clerk's transcript. Father states the documents, which are not attached to the opening brief, were previously filed in this case and are relevant to whether there was a reason to know that his children are Indian children and the duty of further inquiry under ICWA. Father's motion to augment, however, does not comply with our local rule requiring appellants to file a motion to augment within 40 days of filing of the record, to provide certified copies of the documents requested or to identify them with specificity, and to explain their omission. (Ct. App., Fifth Dist., Local Rules, rule 1(b) & (c), Augmentation of Record and Correction of Omissions from Record.) Moreover, the documents are irrelevant to whether the family court erred in denying father's request for genetic testing.[4] Accordingly, we deny the motion.

## DISPOSITION

The family court's November 1, 2024 order is affirmed.

---

[4] Along with his request for oral argument, father filed a declaration with documents concerning events that occurred after the family court's ruling in this case. We subsequently received 53 pages of documents from father that were not included in the clerk's transcript. To the extent father is asking us to augment the record with these documents, we deny the request for the same reasons we denied his motion to augment the record. Moreover, we do not address issues that involve postappeal events. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [" 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].)

4.