Filed 3/12/26  In re A.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.C. et al., Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.R., <br><br> Defendant and Appellant. | F090633 <br><br> (Super. Ct. No. 25CEJ300160-2) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Fresno County.  Mary Dolas, Judge.

Diego E. Andrade, under appointment by the Court of Appeal, and M.R., in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Franson, J.

Appellant M.R. (mother) is the mother of Anthony C. and A.C. (collectively, the children), who are the subjects of this dependency case. Mother appealed from the juvenile court's orders issued at a combined jurisdiction and disposition hearing on October 1, 2025, which resulted in the children being placed in foster care and family reunification services being provided to mother. After reviewing the juvenile court record, mother's court-appointed counsel informed this court there were no arguable issues to raise on mother's behalf.

This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).) We conclude mother failed to address the combined jurisdiction and disposition hearing or set forth a good cause showing that any arguable issue of reversible error arose from the combined jurisdiction and disposition hearing. (*Ibid.*) Consequently, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2025, the Fresno County Department of Social Services (department) received a referral alleging physical abuse of Anthony by mother. Anthony, at 16 years of age, called law enforcement to report an assault by mother. He claimed mother kicked him while they were in a vehicle, and he sustained a small bruise to his inner bicep. Anthony was locked out of the home by mother, and law enforcement was unable to contact mother. Mother barricaded herself and her three other children in the home. Law enforcement requested a social worker respond to the home while they obtained a warrant.

Mother was eventually arrested on three counts of misdemeanor child endangerment and obstructing a peace officer. Law enforcement was able to enter the home after acquiring a warrant to arrest mother. Mother refused to speak with law enforcement. The children and their one-year-old twin half siblings, L.H. and P.H., were taken into protective custody. The half siblings were later released to their father.

2.

Law enforcement informed the department there was a long history of calls for service due to verbal disturbances between mother and Anthony, and mother's behavior appeared to be escalating against Anthony. Mother reportedly punched Anthony's arm twice and kicked him between five and seven times to force him out of their vehicle.

A social worker interviewed Anthony when they arrived back at the department's office. A nickel-sized bruise was observed on Anthony's left bicep. Anthony explained that his mother told him to get out of the car while it was in the middle of the street. Mother became upset because Anthony would not respond to her about a prior incident where he threw a grape at her. He exited the vehicle after mother hit and kicked him, and mother would not let him into their home afterwards. Anthony stated this was the second occasion where mother became physical with him in that year.

Thirteen-year-old A.C. informed the social worker that Anthony was giving mother "attitude" while they were riding in the car. Upon their arrival at home, Anthony refused to get out of the car, and mother kicked him two to three times. A.C. denied that Anthony was punched by mother during the incident, and she drove away with mother to get food while Anthony was left behind. Mother rushed A.C. and the half siblings into the home when they saw law enforcement at the home. A.C. reported feeling safe in the home, and she disclosed previous domestic violence between mother and her half siblings' father.

On August 11, 2025, mother was interviewed at the Fresno County Jail by department social workers. Mother stated Anthony was talking back in the car while they were driving to a store. She claimed that she kicked Anthony to defend herself because she had to kick him out of the car. Mother denied having confrontations become physical between herself and Anthony in the past. She did not open the door for law enforcement because she wanted to put the half siblings down to sleep when she returned home.

The department filed a petition alleging the children were described by Welfare and Institutions Code section 300, subdivisions (a) and (b)(1).[1] The petition alleged the children were at risk of suffering nonaccidental harm inflicted by mother pursuant to section 300, subdivision (a). The petition included an additional allegation that the children were at substantial risk of suffering serious physical harm in their mother's care. Each of the allegations stated mother kicked Anthony several times, which resulted in a bruise.

On August 14, 2025, mother was present and represented by counsel for a continued detention hearing. The children were detained from mother's custody, and a combined jurisdiction and disposition hearing was set for September 17, 2025. The juvenile court also ordered that mother be offered parenting classes and evaluations and recommended treatment for mental health and domestic violence.

The department's jurisdiction and disposition report, dated September 15, 2025, recommended the allegations in the petition be found true and family reunification service be provided to mother. The children were placed in the home of maternal relatives pending resource family approval. Mother informed the department that she did not wish to reunify with Anthony, and she blamed Anthony for the children's removal. The department made referrals for mother to participate in her offered services, and several appointments were scheduled at the time of the report. The social worker's assessment indicated mother minimized the incidents that led to the children's removal, and she had not maintained contact with the department.

In an addendum report, dated September 30, 2025, the department provided updates on mother's participation in services and visitation. Mother had attended one parenting class session and missed the other session. She was not enrolled in any other services. The children's father, Antonio C. (father), reported his relationship with

---

[1] All further statutory references are to the Welfare and Institutions Code.

the children was "great."  Anthony lived with father over the summer because mother was unable to handle his behavior.  The previous custody order provided father with weekend visits, but mother refused to comply with the order.  The children refused to attend any supervised visits with mother or father.

Each of the children indicated they did not wish to return to mother's care. Anthony stated he would be uncomfortable if he had to live with his father because their relationship was " 'distant.' "  A.C. believed she would be in danger in mother's care because mother would " 'probably snap and [A.C.] would want to run away.' "  A.C. did not have a good relationship with father, and she recalled a physical altercation between father and Anthony during their last visit.

After a continuance, the jurisdiction and disposition hearing was held on October 1, 2025.  Mother and father were both present for the hearing.  The department's counsel submitted the matter on the reports prepared for the hearing.  The children's counsel submitted and agreed with the department's recommendation.  Father submitted a waiver of his right to family reunification services.  Mother objected to the juvenile court taking jurisdiction of A.C. and ordering her continued removal from mother's custody. Her counsel did not provide any additional argument or evidence, and he submitted on the information in the petition and reports.

The juvenile court found the department met its burden of proving the jurisdictional allegations under section 300, subdivision (b)(1), but the department failed to prove the allegations under section 300, subdivision (a).  Family reunification services were ordered for mother, no family reunification services were provided to father, and a six-month review hearing was set for March 11, 2026.  Mother was ordered to participate in parenting classes, domestic violence evaluation and recommended treatment, and mental health evaluation and recommended treatment.  Reasonable supervised visits were ordered between mother and the children.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her letter brief, mother disputes the statements made by the children to social workers and law enforcement. Mother cites to past incidents where Anthony reportedly committed battery against her, and she provides a different version of events surrounding the incident that led to the children's removal. She makes complaints related to the lack of assistance for enrolling in a child abuse class and an unlawfully obtained warrant to search her home. Mother appears to contend that we should reweigh the evidence and place the children in her custody.

Mother's letter brief does not directly address the evidence actually supporting the juvenile court's finding there was a substantial danger to the children if they were to remain in mother's custody. Nor does mother articulate how there was not a proper basis for the court to determine the children were at risk of suffering serious physical harm in mother's care. Because there was substantial evidence to support the court's determination, mother's citation to a version of events that are not contained in the record is unavailing. "In the presence of substantial evidence, appellate justices are without the power to reweigh conflicting evidence and alter a dependency court determination." (*Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 705.)

Having reviewed mother's supplemental brief, we find mother has not made a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) Mother's letter brief furnishes no valid argument with supporting legal authorities for her purported claims of error. (See *In re Sade C.*, *supra*, 13 Cal.4th

at p. 994 [parents must " 'present argument and authority on each point made' "].)  We conclude mother fails to show good cause that this issue merits additional briefing.

Our role as an appellate court is not to substitute our judgment for that of the juvenile court or reweigh the evidence.  When all of the evidence is considered together, a finding that there was a substantial danger to the children if placed in mother's care was supported by substantial evidence.  Mother's history of physical altercations with Anthony and failure to recognize her own role in preventing these violent interactions were particularly concerning.  Accordingly, our review of the challenged orders confirms appellate counsel's determination that no arguable issues exist.

In sum, mother has not raised any arguable issues stemming from the combined jurisdiction and disposition hearing.  Further, though we are not required to, we have reviewed the record as it relates to the hearing, and we have found no arguable issues for briefing.  (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.)  The juvenile court reasonably observed that the children were at risk of serious physical harm given mother's continued lack of insight into the problems that led to the children's removal.  Accordingly, we dismiss the appeal.

## **DISPOSITION**

This appeal is dismissed.